## THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK v. CHARLES F. NEWTON.

To an action upon a bond, a plea was filed setting forth that, before the bringing of the action, a decree for deficiency had been made in a suit of foreclosure of a mortgage given for the same debt. *Held*, a good plea.

On motion to strike out plea.

The declaration is upon a bond for $8000, made by the defendant to the plaintiffs. It states that this bond was accompanied by a mortgage, made by the defendant upon certain lands of his, to the plaintiffs, to secure the sum mentioned in said bond. That upon the foreclosure of this mortgage a sum was realized, which was applied to the payment of the said $8000, leaving a balance of $3877.53 still due.

The defendant filed a plea, setting up that the sum of $3877.53 is the amount of a deficiency declared and decreed by the Court of Chancery as still due and owing upon the proceeding in foreclosure set forth in the declaration. That the bond sued on is the bond which accompanied the mortgage, and was set forth in the bill of complaint to foreclose the said mortgage. That after such decree of foreclosure was made and entered in the Court of Chancery, and after the sale of the lands, there remained the said deficiency of $3877.53, which was decreed by the Court of Chancery to be still due. That on the 15th day of August, 1881, a statement or abstract of such decree was filed in the office of the clerk of the Supreme Court, whereby the said sum became a judgment of this court, and is still a judgment.

Argued at February Term, 1888, before Justices SCUDDER and REED.

For the motion, *E. D. Gillmore.*

*Contra, G. R. Lindsay.*

The opinion of the court was delivered by

REED, J.   The motion to strike out the plea raises the question, whether a party who has taken a personal decree in equity for a deficiency in the amount raised on the foreclosure of a mortgage, can afterwards bring an action at law upon the accompanying bond.

The view of the pleader was that the recovery, by way of a decree under the statute, was a bar against any other action upon the original cause of action.   The notion of the plaintiffs' counsel is, that a decree is not a judgment in a sense that implies a merger of the original cause of action, and that, therefore, the bond is still suable.

The point made is, that no action will lie on a decree as it will upon a judgment, and therefore a decree has not the qualities of a judgment, in respect to its effect in extinguishing the original ground of the suit.

In support of the position that no action at law will lie upon a decree in equity, reliance is placed upon the decision of this court, made in the case of *Van Buskirk* v. *Mulock*, 3 *Harr.* 184.

The facts in that case, which drew forth the decision, were these:   An action of debt had been brought to recover the amounts of several decrees of the Vice Chancellor of the First Circuit of the State of New York.   The decrees were interlocutory, and were made in the course of a suit for divorce. One of the decrees was that the defendant should pay the plaintiff $50, another that he should pay $150 immediately and $35 monthly until the further order of the court; and still another, that he should pay the costs, taxed at $638.40. There was a count in the declaration upon each of these decrees.   A verdict was rendered at the trial, by the direction of the trial justice, in favor of the plaintiff, subject to the opinion of the Supreme Court.

In his opinion, delivered when the case came into the Supreme Court, Chief Justice Hornblower held that no action at law would lie upon a decree in equity for the payment of a sum of money.

The counsel for plaintiffs contend that if it be admitted that no action at law will lie upon a decree in equity, the conclusion must follow that it is not a judgment which merges, or which can be pleaded in bar of an action upon the original cause of action.

Without at present admitting the soundness of the conclusion so drawn from the above premise, some observations may be made upon the decision of the court arrived at in the case of Van Buskirk *v.* Mulock. The Chief Justice, in his opinion in that case, while deciding that no action at law would lie on a decree of the Court of Chancery, admitted that the law was, at that time, settled adversely to his view in the courts of New York and Massachusetts. His conclusion was rested upon what he regarded as the rule settled in the English courts and the federal courts. In respect to the rule at common law, the Chief Justice relied upon the case of *Carpenter et al.* v. *Thornton,* 3 *B. & A.* 52, in which case it was held that an action would not lie upon a decree for a specific sum of money founded on equitable considerations only.

The subsequent case of *Henley* v. *Soper,* 8 *B. & C.* 16, which had then been decided twelve years, was obviously overlooked. In that case it had been held that an action would lie upon a decree of a colonial court, fixing a balance between partners, and Carpenter *v.* Thornton was distinguished.

Afterwards, in the case of *Russel et ux.* v. *Smyth,* 9 *M. & W.* 810, the Court of Exchequer held that an action of *assumpsit,* or debt, might be maintained against a party for costs awarded against him by a decree of the Court of Sessions in Scotland, in a suit for divorce.

In *Henderson* v. *Henderson,* 6 *A. & E.* (*N. S.*) 295, it was held that a plea to an action upon a decree, that the decree was made in respect to matters of trust and executorship account not cognizable in a court of law, was not a good plea. Lord Denman, in his opinion in this case, approved of the decision in the preceding case, decided in the Court of Exchequer, and said that he agreed with the opinion of Lord Ellenborough in the case of *Sadler* v. *Robins,* 1 *Camp.* 253, in which opin-

ion Lord Ellenborough remarked, that "had the decree then under consideration been perfected, I would have given effect to it, as well as to a judgment at common law. One may be the consideration for an *assumpsit* equally with the other."

The law in England may be regarded as settled, that upon foreign decrees an action at law will lie. And it was substantially settled in the same way at the time when Van Buskirk *v.* Mulock was decided by the cases of *Sadler* v. *Robins* and *Henley* v. *Soper, supra.*

The right to bring actions upon domestic decrees the English courts had denied, but this denial was put upon the ground that such actions were unnecessary, because the court which made the decree, could, within its own jurisdiction, enforce it, and so an action was unnecessary.

The Chief Justice, in Van Buskirk *v.* Mulock, relied upon the case of *Hugh* v. *Higgs,* 8 *Wheat.* 697, as establishing the law in the federal courts against an action at law on a decree. Whatever force this case may have once had, is now entirely dissipated by the case of *Pennington* v. *Gibson,* 16 *How.* 65, in his opinion in which case, Mr. Justice Daniels remarked: "We lay it down as the general rule that in every instance in which an action of debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity for an ascertained and specific amount, and nothing more."

This doctrine is approved in the subsequent case of *Nations* v. *Johnson,* 24 *How.* (*U. S.*) 195.

It may be generally remarked of the position of the courts in this country upon this question, that the right to bring an action for the recovery of the amount of a decree ordering the payment of money only, has been asserted in every tribunal which has had occasion to consider the question. It is vindicated by the Supreme Court of Maine in an elaborate and able opinion delivered in the case of *McKim* v. *Odom,* 3 *Fair.* 94.

In New York it is established by the cases of *Post* v. *Neafie,* 3 *Cai.* 22, and *DuBois* v. *DuBois,* 6 *Cowen* 494.

In Pennsylvania by the case of *Evans* v. *Tatem,* 9 *S. & R.* 252.

In Illinois by the case of *Warren* v. *McCarthy,* 25 *Ill.* 95.

So it appears that the statement of the doctrine in the opinion delivered in the case of Van Buskirk *v.* Mulock, was, at the time of its announcement, in opposition to the law in England and in this country, with the exception of the case in 8 *Wheat.,* and is now without support anywhere.

The Chief Justice, in his opinion, also took the occasion to construe the act passed in 1799, first found in Paterson's Revision, page 433. The section reads as follows: "That the decree of the Court of Chancery shall, from the time of its being signed, have the force, operation and effect of a judgment at law in the Supreme Court of this state, from the time of the actual entry of such judgment." He held that it was by this language intended only to make decrees liens upon land, and that it was not the intention of the legislature to advance decrees to the dignity of judgments, so that an action at law would lie upon them. It may be observed that this construction was not essential to the decision of the case then under consideration. The question was, whether a decree of the State of New York could be the basis of an action here, and admittedly upon such a decree our statute was entirely inoperative. It is apparent, therefore, that the remarks upon the force of our statute were not applicable to the class of decrees involved in that suit, and so the remarks were *obiter*. It may be further remarked, in respect of this branch of the opinion, that it had not been called to the attention of the learned judge, that the legislature had, in March, 1839, (*Pamph. L., p.* 162), provided for the filing of decrees made in the Court of Chancery in the office of the clerk of the Supreme Court, there to be public records.

In regard to the force of domestic decrees, the provisions of an act passed in 1855 are also important. This is the language to be found in *Pamph. L.* 1855, *p.* 500. "That all decrees and orders of the Court of Chancery, whereby any sum of money shall be ordered to be paid by one person to

another, shall have the force, operation and effect of a judgment at law in the Supreme Court from the time of the actual entry of such judgment, and the Chancellor may order executions thereon as in other cases." The provisions of these several acts of 1799, 1839 and 1855, are collected in section 56 of the Revision, page 113.

In view of the fact that the question, whether an action at law would lie upon a domestic decree, was not involved in the case of Van Buskirk *v*. Mulock, and in the light of the legislation since the rendition of that opinion, I do not regard that case as authoritative upon this question at this time. In treating the question as an open one, I have no doubt that an action will lie upon a domestic decree for the payment of money only, in the same degree as it will lie upon a judgment. But if the doctrine, as broadly stated in the opinion in Van Buskirk *v*. Mulock, can be considered as authoritative in respect to actions at law upon domestic decrees, I am not willing to admit the conclusion drawn from it by the counsel for the plaintiff. For I think it might be admitted that the right of an action at law upon a domestic decree could be denied, upon the ground that such an action is unnecessary and vexatious, because of the fact that the court which made the decree can enforce it in all respects. It was upon this ground that the English courts and one or two of the American courts, early denied the right of bringing such an action at law. *Freeman on Judg.*, § 434.

The denial of a right of action upon such ground would not, in my judgment, render such a decree less conclusive in bar of another suit for the same cause of action, for the question is, whether the decree amounts to a determination of the rights of the parties in respect to the identical matter involved in the present action. If so, it is a bar. The doctrine of *res adjudicata* is plain and intelligible, and amounts simply to this, that a cause of action once finally determined without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by a new proceeding,

either by the same or any other tribunal. *Foster et al.* v. *Busteed,* 100 *Mass.* 409.

And this is true, whether the first adjudication is in a court of law or equity.

A decree in chancery may be given in evidence between the same parties, or those claiming under them, for their judgments must be of authority in those cases where the law gives them jurisdiction, for it were very absurd that the law should give them jurisdiction and yet not suffer what is done by force of that jurisdiction to be full proof. *Buller's Nisi Prius* 243.

Hence, it is settled that a verdict and judgment of a court of record or a decree in chancery, puts an end to all further controversy concerning the points thus decided between the parties to the suit. *Hopkins* v. *Lea,* 6 *Wheat.* 109 ; *Pierson* v. *Catlin,* 18 *Vt.* 77 ; *Nations* v. *Johnson,* 24 *How.* (*U. S.*) 195 ; *Coit* v. *Tracy,* 8 *Conn.* 268 ; *Foster* v. *Busteed,* 100 *Mass.* 409 ; *Winans* v. *Dunham,* 5 *Wend.* 47 ; 2 *Whart. on Ev.,* § 775 ; *Freeman on Judg.,* § 248.

If the decree is final, then its result is to merge the original cause of action. As was remarked in the case of *Barnes* v. *Gibbons,* 7 *Vr.* 319, in regard to a judgment, the doctrine of merger arises out of the quality which renders the judgment conclusive upon the parties as to the question which is involved. If the plaintiff be permitted to sue on the original cause of action, it is treating it, although judicially settled, as open to controversy.

I am of the opinion that when the plaintiff invoked the Court of Chancery to give him the statutory decree for deficiency, and he obtained it, his right to bring a new suit on the bond was gone. Nor is it easy to perceive the occasion for such an action.

The power to file the decree of the court in the supreme clerk's office, the power to have execution in any county in the state, the right to sue upon the decree in foreign jurisdictions, all tend to make the decree an efficient instrument for the collection of the debt.

The motion to strike out is refused, with costs.