## Albert H. Sears v. Frank E. Nichols.

1. PROMISSORY NOTE—*when merged in decree.* A promissory note secured by mortgage becomes merged in a decree of foreclosure which contains a conditional judgment made final and specific in amount by the subsequent approval of the master's report of sale.

PUTERBAUGH, P. J., dissenting.

Action of assumpsit. Appeal from the Circuit Court of Adams County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed November 24, 1905.

EMMONS & EMMONS and SEARS & SMITH, for appellant.

VANDEVENTER & WOODS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Albert H. Sears, appellant, brought suit in the Circuit Court of Adams County against Frank E. Nichols, appellee, to recover a balance alleged to be due on a promissory note for $800 executed by said Nichols on the first day of September, 1891, and due on the first day of September, 1894. The cause was tried upon a stipulation from which it appears that said Nichols executed two promissory notes, one for $750 and the other for $800, payable to the order of one F. L. Pond, the first one due September 1, 1892, and the second one for $800 being the one involved in this suit; said two notes were secured by mortgage executed in due form upon real estate in the city of Aurora, Illinois. The latter of said notes was endorsed to appellant and the former to one John C. Hopkins. In July, 1895, Hopkins brought suit in the Circuit Court of Kane County to foreclose the mortgage and made Sears, Pond and Nichols defendants to said proceeding. Sears appeared in said cause and filed his cross-bill asking to have said mortgage foreclosed as to his $800 note. The parties interested were duly served with summons and were before the court on November 6, 1895, when said Circuit Court of Kane County rendered a decree finding that there was due Hopkins at

that time on his said note $941.98, and that there was due
appellant on his said $800 note the sum of $1006.11, and
directed foreclosure of such mortgage. The court in its
decree of foreclosure rendered a conditional judgment
against said defendant Nichols, employing the following
language in its decree: "That if the moneys arising from
the said sale shall be insufficient to pay the amounts so due
the complainant, John C. Hopkins, and the cross-complain-
ant, Albert H. Sears, with interest as aforesaid, after de-
ducting the costs and expenses of sale aforesaid, that said
master specify the amount of each deficiency in his report
of said sale, and that on the coming in and confirmation of
said report, the defendant Frank E. Nichols, who is person-
ally liable for the amount of each of said debts secured by
said mortgage, pay to the complainant, John C. Hopkins,
the amount of his deficiency, and to the complainant in
said cross-bill, Albert H. Sears, the amount of his deficiency
with legal interest thereon from the date of such last men-
tioned report, and that the said complainant and said cross-
complainant each have execution for the amount of their
said several claims." Sale was thereafter made by the
master in chancery and reported by him to the court on
the 23rd day of April, 1896, which report showed defici-
encies as follows : there remained due and unpaid to said
John C. Hopkins upon his note the sum of $408.04, there
remained due to said Albert H. Sears upon the note in con-
troversy in this case the sum of $437.03, and on that day
the said Circuit Court of Kane County approved said re-
port in the following language: "This day comes G. I.
McNett, master in chancery of this court, and filed his re-
port of sale and distribution herein, and it appearing to the
court that the said master has in all things complied with
the terms of the decree herein, it is ordered by the court
that said report be and the same is hereby approved and
confirmed."

. The case was tried without a jury, and upon the trial the
court rendered a judgment in favor of the defendant; from
which judgment said Albert H. Sears brings the cause to
this court by appeal.

The sole and only question in this cause is whether or not there was such a decree for balance in the Kane County Circuit Court that the same was and is a bar to the present suit upon the note to recover the said balance due; in other words, was the note merged in the judgment for balance, rendered in the foreclosure suit, or was such action of the Kane County Circuit Court insufficient as a judicial finding under the statute to render Nichols a decree debtor. Section 16, chapter 95, of our statute provides that: "In all decrees hereafter to be made in suits in equity directing foreclosure of mortgages, a decree may be rendered for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales, and execution may issue for the collection of such balance, the same as when the decree is solely for the payment of money. And such decree may be rendered conditionally at the time of decreeing the foreclosure, or it may be rendered after the same and the ascertainment of the balance due; Provided, that such execution shall issue only in cases where personal service shall have been had upon the defendant or defendants personally liable for the mortgage debt, unless their appearance shall be entered in such suits."

This statute in our judgment clearly authorizes the complainant in the first decree in foreclosure to take a conditional decree against the debtor, personally liable, upon the note for whatever balance may remain unpaid, when the proceeds of the sale have been applied upon the debt. When that balance is fixed by the report of sale and the court approves and confirms it, the decree theretofore conditional becomes fully operative. If the statute does not mean that, then it is entirely without purpose. Counsel for appellant argue that notwithstanding the recitals in the first or conditional decree that it is essential that there should be a second decree rendered after the master's report is filed, in addition to the order approving and confirming the master's report, showing the balance due. They refer to several cases which they contend support them in that view of the law, but upon a careful reading of

the cases cited we do not think the question involved here was presented in any of those cases. In the case of Cotes v. Bennett, 183 Ill. page 83, it did not appear that it had ever been determined judicially or otherwise that there was any balance due complainant; so the question here involved could not have arisen in that case. In the case of Egglestone v. Morrison, 185 Ill. page 577, a party took an appeal from the conditional decree, and the court say whether anything or how much will ever be due from defendant is unknown; it has not been judicially determined that there is or will be any balance due over and above the proceeds of sale. The holding in that case was that the appeal was premature. In the case of Thompson v. Black, 208 Ill. page 229, the appeal taken in that case was from the conditional decree and the court's holding was to the effect that the appeal was premature.

No case has been cited by counsel for the appellant where the precise question involved here has been presented to our Supreme Court, and we do not think the holding of that court to the effect that an appeal would not lie from the conditional decree prior to the time that the exact balance due had been ascertained and declared, can be held to mean that the court cannot render a conditional decree at the time the foreclosure is directed which will become entirely operative when the exact balance unpaid has been ascertained and reported by the master and the court has by its action fully approved and confirmed that report.

In this case when the master's report was approved and confirmed and the exact balance ascertained and declared to be due, that finding taken in connection with the conditional decree that had theretofore been rendered, made a sufficient decree upon which execution could have been issued. The note sued upon in this case was merged in the decree rendered in the Kane County Circuit Court, and the judgment will be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE PUTERBAUGH, dissenting.