In this case the plaintiff in error brought an action at law on certain notes which were secured by a mortgage which had been foreclosed and the property sold, and upon which sale the funds received from the property mortgaged had been insufficient to pay the said notes. The case is now here upon a writ of error to review a judgment entered overruling a demurrer to a plea of res judicata wherein it appears that the plaintiff had obtained a decree of foreclosure and sale of certain property that was mortgaged to secure the notes sued on and that the court had denied a motion of the complainant for a deficiency decree for the balance due after applying the proceeds of the sale of the said property to the notes.
The question in the case is this: Where a complainant in a suit to foreclose a mortgage has been denied a deficiency decree, has he a right under Section 5751, Compiled General Laws of Florida, 1927, to into a court of law and obtain a judgment for any deficiency, after applying the proceeds of the sale of the mortgaged premises to the obligation secured by the mortgage?
Section 1 of Chapter 11993, Acts of 1927 (Section 5751, Compiled General Laws of Florida, 1927) reads as follows:
 "In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency."
This statute has been before this Court upon a number of occasions, but in no case has the question under consideration *Page 1408 
been expressly ruled upon. Until the year 1919, there was no statute in this State authorizing the rendition of a personal decree or judgment in a foreclosure suit; but in 1873, the Supreme Court of Florida adopted Rule 89 for the government of courts of equity, which rule was similar to Rule 92 of the Supreme Court of the United States, and as stated in Etter v. State Bank, 76 Fla. 203, 210, 79 So. R. 724, "under the rule adopted by the Supreme Court of this State, the power (to render a deficiency decree) has been constantly exercised by the courts of chancery."
The purpose of the rule was to relieve parties to a foreclosure suit from the expense and vexation of two suits, one equitable and the other legal. Fagan v. Robbins, 96 Fla. 91,117 So. R. 863, 868.
Until the adoption of Equity Rule 89, chancellors had no authority to enter deficiency decrees. Under the rule, the chancellor was empowered, but not required, to enter a deficiency decree. The exercise of this power rested in the sound judicial discretion of the court. Fagan v. Robbins,supra; Snell v. Richardson, 67 Fla. 386, 65 So. R. 592; Etter v. State Bank, supra; Realty Mortgage Co. v. Moore, 80 Fla. 2,85 So. R. 155.
Chapter 7839, Acts of 1919, apparently was intended in part to change the rule and to mandatorily require chancellors to enter deficiency decrees, but this Court held that
 "To hold the act as being mandatory would require us to determine that the legislature has attempted to coerce the judicial action of the courts and that in doing it has invaded the province of the courts and passed an invalid act." Fagan v. Robbins, supra.
The act was held to be valid upon the theory that it was directory and permissive, its purpose being to cover *Page 1409 
other liens besides mortgage liens and to authorize the entry of deficiency decrees against other obligors than the makers of the mortgage. Fagan v. Robbins, supra; Chase v. Sullivan, 126 So. R. 359.
Chapter 7839, Laws of Florida, 1919, was expressly repealed by Chapter 12325, Laws of Florida, 1927, page 1263, which repealing act went into effect on June 6, 1927. But prior to the repeal of Chapter 7839, Laws of Florida, 1919, the legislature enacted Chapter 11993, Laws of Florida, 1927, page 536 (Section 5751, Compiled General Laws of Florida, 1927) the same going into effect on May 7, 1927. Chapter 11993, Laws of Florida, 1927, became a law prior to the rendition of the decision in Fagan v. Robbins, supra, and was, in the light of that decision, no more than a declaration of what the law had been since the adoption of rule 89, unless the law was changed by the last clause of Section 1 of the Act, which reads as follows: "But the complainant shall also have the right to sue at common law to recover such deficiency." See authorities,supra.
As to the language last quoted from Chapter 11993, Laws of Florida, 1927, this Court in Voorhis v. Crutchers, 98 Fla. 259, 123 So. R. 742, said: It "is at best, only a restatement of the common law and the law obtaining in this State prior to that enactment."
In Webber v. Blanc, 39 Fla. 224, 22 So. R. 655, we find that
 "The fact that a mortgage was taken to secure the note did not deprive the holder thereof of the legal remedy to collect it, nor is there any legal obstacle in the way of his suing at law for the balance due on the note after the sale under the foreclosure decree in equity, if no judgment for the deficiency was entered in such proceedings. * * *. *Page 1410 
 "While a deficiency decree may be rendered in the foreclosure suit in equity, still if none is asked for, and none is entered, the remedy at law for the balance remains, and resort to it may be had."
In E. J. Sparks Enterprises Inc., v. Christman, 95 Fla. 928,936, 117 So. R. 388, the Court says:
 "Under a proper construction, as we see it, the enactment of Chapter 11993 (Section 5751, Comp. Gen. Laws of Florida, 1927) was not intended to take away the right to enforce a debt secured by a mortgage by an action at law, nor to deprive the creditor of the right to enforce a deficiency after foreclosure in an action at law."
But it may be said that it does not necessarily follow from the two decisions last cited that, when a deficiency decree is specifically denied, the complainant has a right to sue at law for any deficiency after applying the proceeds of the sale to a foreclosure decree. That is true, but those decisions point that way. When we consider that the failure of a court to make and enter a deficiency decree in a foreclosure where the proceeds of a sale of the property are not sufficient to satisfy the lien is an implied denial of such decree and that under such circumstances the complainant has the right to sue at law for the deficiency (see authorities supra), we fail to be impressed with the argument that suit cannot be maintained at law upon the debt ascertained beyond dispute where there has been an express denial of the right to a deficiency decree upon foreclosure of the mortgage securing such debt.
Chapter 11993 Laws of Florida, 1927 (Section 5751, Comp. Gen. Laws of Florida, 1927) says that the "entry (not denial) of a sufficiency decree * * * shall be *Page 1411 
within the sound judicial discretion of the court;" but if we should concede that the power to deny is thereby implied, the Legislature certainly did not say that the holder of an obligation secured by a mortgage could not sue upon it at law for a deficiency, after applying to the obligation the proceeds of a foreclosure sale of the mortgaged premises. To arrive at any such intention on the part of the Legislature, we must read it into the statute, and this we are not prone to do.
Confusion may have arisen in the statement contained in Headnote 8 of Realty Mortgage Co. v. Moore, supra, quoted in E. J. Sparks Enterprises Inc. v. Christman, supra, which reads as follows:
 "The power vested in Circuit Courts, in Equity, by Rule 89 of the Circuit Courts in Equity, for the foreclosure of mortgages declaring that a decree may be rendered for any balance that may be found due to the plaintiff over and above the proceeds of sale or sales, is a discretionary one, and may be granted or denied according to the facts and circumstances in each case." (Italics supplied.)
This language may have created, or at least emphasized, a doubt in the minds of members of the bar and also in the minds of the courts, and for that reason, doubtless, the Legislature decided to reinstate the rule and at the same time to say that notwithstanding the exercise of judicial discretion on the part of the chancellor, "the complainant shall also have the right (in his discretion) to sue at common law to recover such deficiency."
It is a rather serious undertaking for the Legislature or any court to say in effect that one holding a valid obligation, upon which an amount is judicially ascertained to be due, may not recover the full amount because some *Page 1412 
judge, in the "exercise of a sound judicial discretion" in a foreclosure proceeding refuses to enter a deficiency decree for the difference between the proceeds of the sale after deducting the costs and the amount called for by the final decree. If it can be so held, the Legislature should say in unmistakable terms under what circumstances it may be done.
It has been suggested by the defendant in error that this Court cannot consider the ruling of the court on the demurrer to the plea, because there is no assignment of error before this Court on that point.
It has been held here that the court on sustaining a demurrer to pleas, may immediately or thereafter enter final judgment on the demurrer. Devant v. Weeks, 78 Fla. 175, 82 So. R. 807; Farnell v. Farquhar Machinery Co., 94 Fla. 887, 114 So. R. 506. This rule may also be applied when a demurrer to pleas is overruled. No interlocutory order overruling the demurrer was made and filed in this case. The court inserted such an order in its final judgment entered against the plaintiff. The final judgment also recited that "the court offered to leave to the plaintiff to reply to said first plea as he may be advised, and the plaintiff having announced that he did not desire to plead further, and declining and refusing to plead further, but insisting on the said demurrer to the said plea and the respective parties having signed a stipulation, which stipulation is before the court, stipulating that the defendant may withdraw his second plea to the first, second, third, fourth, fifth and sixth counts of the declaration herein and that said pleas by said stipulation are withdrawn, and that the plaintiff by stipulation has dismissed the sixth count of the declaration and that the facts in the declaration and in the first plea to the first, second, third, fourth and fifth counts of the declaration are true, and that this cause may *Page 1413 
be submitted to the court without the intervention of a jury, and that the court may enter final judgment upon the record herein."
The demurrer was disposed of by the final judgment. Such action was in harmony with Circuit Court Rule 29. Under the circumstances, the assignment of error was sufficient for us to determine the sufficiency of the plea. The demurrer should have been sustained.
Furthermore, in view of the admissions that the facts stated in the declaration and the plea are true, all of which appears upon the face of the record, and this Court being of the opinion that the plea does not set up a defense to the action, a fundamental error was committed by the circuit court in entering the judgment complained of.
The judgment is reversed and the cause is remanded with directions to assess the damages and enter final judgment for the plaintiff.