H. FRANCES CRAGIN and GIRARD TRUST COMPANY, a corporation organized and existing under the laws of the State of Pennsylvania, as Co-Trustees under the Last Will and Testament of Charles I. Cragin, deceased, *Plaintiffs* in Error, vs. OCEAN & LAKE REALTY COMPANY, a corporation organized and existing under the laws of the State of Florida, *Defendant in Error.*

H. FRANCES CRAGIN and GIRARD TRUST COMPANY, a corporation organized and existing under the laws of the State of Pennsylvania, as Co-Trustees under the Last Will and Testament of Charles I. Cragin, deceased *Plaintiffs in Error*, vs. PALM BEACH OCEAN REALTY COM-

PANY, a Delaware corporation authorized to transact business in the State of Florida, *Defendant in Error.*

En Banc.

Opinion filed March 28, 1931.

Judgments reaffirmed on rehearing June 24, 1931.

*Wideman, Wideman & Wardlaw,* attorneys for the Plaintiffs in Error;

*Henry J. O'Neill,* attorney for the Defendant in Error.

BROWN, J.—The controlling question in both of these cases is whether or not a complainant in a mortgage foreclosure suit, who by his pleadings invoked the exercise of

the chancery court's jurisdiction to adjudicate his alleged right to a deficiency decree and in whose behalf the court rendered a decree for a part of the deficiency claim against the mortgagor and his grantee who covenanted in the deed to assume and pay the mortgage debt, can afterwards ·go into a court of law and obtain a judgment for the remainder of the claimed deficiency against said original mortgagor on the same cause of action, after applying the proceeds of the foreclosure sale and that portion of the deficiency allowed by the equity court to the obligation secured by the mortgage.

Plaintiffs in error brought two suits, one against each of the respective defendants in error, in the Circuit Court of Palm Beach County, in January, 1929, on three certain promissory notes for approximately $225,000.00 each, dated July 27, 1925, and due one, two and three years after date respectively, together with interest thereon, and attorney's fees. The notes were purchase money notes executed by the Ocean & Lake Realty Company and secured by mortgage. The Palm Beach Realty Company acquired title to the property on October 15, 1925, and by covenant in the deed assumed the payment of said notes.

The two cases have, by stipulation of the parties, been in effect consolidated for the purposes of appellate review, and come here under one transcript, showing the record in the case in which the Ocean & Lake Realty Company was defendant, it being stipulated here that the judgment of this court in that case shall control the judgment in the companion case. Similar pleas of *res judicata* were interposed and upheld by the trial court in each case. We will now proceed to consider the case in which the original mortgagor, Ocean & Lake Realty Company is defendant in error.

The defendant Ocean & Lake Realty Company interposed a plea of res judicata, which set up, among other things, that the plaintiffs conveyed certain lands to said defendant on July 27, 1925, at which time defendant paid to the plaintiffs $500,000.00 in cash and executed and delivered to the plaintiffs certain notes and mortgage for the balance of the purchase price aggregating $672,529.50, being the notes described in the declaration; that thereafter on October 15, 1925, the defendant, Ocean & Lake Realty Company, conveyed said lands to the Palm Beach Realty Company by warranty deed which contained a covenant by which the grantee assumed the payment of said mortgage; that the Palm Beach Ocean Realty Company went into possession of the land and expended upwards of $250,000.00 on an extensive system of improvements, which materially enhanced the value of said land; that on February 12, 1927, the plaintiffs as complainants, instituted suit in the Circuit Court for Palm Beach County to foreclose said mortgage and in its bill prayed for a deficiency judgment against both of said above named Realty Companies; that the final decree in said suit, rendered February 2, 1928, ascertained the balance due on said notes and mortgage, including interest, solicitors fees, etc., to be $1,058,044.81, and provided that in default of payment of such sum the property be sold as prayed in said decree; that upon such sale the property was sold to the complainants for $150,000.00; that the sale was confirmed and the property conveyed to the complainants; that complainants moved the court for the entry of a deficiency decree in connection with the confirmation of the Special Master's report, and acting upon said motion the court confirmed the report of the Master and granted to the complainants a deficiency decree against both said

defendants in the sum of $50,000.00, which decree was duly filed and recorded in the Chancery Order Book, and remained valid and subsisting, in no way modified, abated or reversed, and from which the complainants took no appeal; that in said chancery proceedings the plaintiffs in this common law suit were parties complainant and the two Realty Companies above named were defendants, and that the same notes and mortgage, and the same covenant of assumption were fully set up and pleaded in said chancery cause, and that the cause of action sought to be enforced in the common law action was decided by the decree rendered in said chancery cause. The court on motion struck certain portions of said plea of *res judicata*, which it was unnecessary here to set forth, but overruled the demurrer to the plea, and the suit went to final judgment in favor of defendant, on November 18, 1930. From the final judgments rendered in favor of the defendants in each of the cases, these two writs of error were taken. Plaintiffs in error have assigned as error the overruling of plaintiff's demurrer to defendant's first plea, the plea of *res judicata*, and the rendition of final judgment against the plaintiff.

The case of Hay v. Salisbury 92 Fla. 446, 109 So. 617, and Gray v. Gray, 91 Fla. 103, 107 So. 261, state the essentials of the doctrine of *res judicata*, as long recognized in this jurisdiction.

This principle was recognized by the Roman law, and later by the English courts, and it is said that it pervades, not only our own, but all other systems of jurisprudence to this day, and has become a rule of universal law.

In Etter v. State Bank of Florida, 76 Fla. 203, 211; 79 So., 724, 726, it was said by this court, speaking through MR. JUSTICE ELLIS, that:

"The rule providing for the entry of deficiency judg-

ments in a suit in equity to foreclose a mortgage rests upon the general rule, that, where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief, both legal and equitable, so far as it pertains to the same transactions or the same subject-matter. Thus the parties are relieved from the expense and vexation of two suits, one equitable and the other legal.''

It was also held in that case that any defense that may be offered to a decree of foreclosure, or against the personal decree for the debt, should be presented in due course during the proceedings, or sufficient reasons given for not doing so. The origin, foundation and scope of equity jurisdiction to adjudicate the question and render deficiency decrees in foreclosure cases, in this State, is so well reviewed in the opinion by MR. JUSTICE ELLIS in Etter v. State Bank, *supra,* and in the opinion by Commissioner DAVIS in the recent case of Gober v. Braddock, 131 So. 407, .. Fla. .., and by MR. JUSTICE BUFORD, now CHIEF JUSTICE of this court, in Voorhis v. Crutcher, 98 Fla. 259, 123 So. 742, and by Commissioner ANDREWS in Younghusband v. Fort Pierce Bank & Trust Company, 130 So., 725, .. Fla. .., that it is unnecessary to go into that matter here. It suffices to say that such jurisdiction had long been established and recognized before the adoption of Chapter 11993 of the Acts of 1927, now appearing as section 5751 of Comp. Gen. Laws.

We might, however, call attention to certain holdings by this court pertinent to the question now before us. In Webber v. Blanc, 39 Fla. 224, 22 So. 655, it was said:

''While a deficiency decree may be rendered in the foreclosure suit in equity, still, if none is asked for and none is entered, the remedy at law for the balance remains, and resort to it may be had.''

Elsewhere in the opinion in that case it was said that the holder of the mortgage notes might sue for the balance due on the notes after the sale under the foreclosure decree in equity, "if no judgment for the deficiency was entered in such proceedings."

In Younghusband v. Fort Pierce Bank & Trust Company, *supra*, it was said:

"The rule seems to be general that an action at law may be brought for the balance due on a note after applying the proceeds of a foreclosure sale to the debt; but it does not appear that a holder may have a deficiency decree for the balance due and also institute a suit at law against the same party for the same purpose. There is no reason for authorizing deficiency decrees against anyone, except for the purpose of providing a judgment for the balance due without the expense and inconvenience of an additional suit at law."

And in Edwards v. Meyer, 130 So. 57, .. Fla. .., MR. JUSTICE ELLIS, speaking for this court, said:

"The purpose of the statute authorizing the entry of deficiency judgments in foreclosure proceedings was to relieve the parties from the expense and vexation of two suits, one equitable and the other legal, where the whole controversy could be adjusted on one suit. There is no reason for taking a mortgage out of that convenient and beneficent rule. See Frank v. Davis, 135 N. Y. 275, 31 N. E. 1100, 17 L. R. A. 306.

Prior to the statute, Chapter 11993, Acts 1927, section 5751, Comp. Gen. Laws 1927, amended by Chapter 13625, Acts 1929, the power was exercised under a rule having the effect of a statute. See Realty Mortgage Co. v. Moore, 80 Fla. 2, 85 So. 155; Etter v. State Bank, 76 So. 724.

The Statute is for the benefit of the debtor in that it is designed to save him from the annoyance, vexation,

and expense of two suits; therefore, though enacted after the date of the execution of the mortgage foreclosed in these proceedings and affecting only a matter of procedure, they are applicable here; and the statute, Chapter 11993, *supra,* is broader in its terms than the rule which is number 89, Rules Circuit Courts Equity Actions.''

The second headnote in Malone v. Meres, 91 Fla., 709, 109 So. 677, reads as follows:

''If the court has acquired jurisdiction of the subject-matter and of the parties, the judgment or decree entered is binding, even though erroneous, because of irregularity of procedure; and such judgment or decree will not be set aside, reversed, or modified, except by appropriate direct appellate procedure.''

As was said in Fagan v. Robbins, 96 Fla. 91, 117 So. 863, which was decided in June, 1928, there had been considerable diversity of opinion among the lawyers and judges of the State as to whether the use of the word ''shall'' in section 2 of Chapter 7839 of the Laws of 1919, made it mandatory upon the equity courts to render deficiency decrees in foreclosure cases, thus precluding the exercise of any discretion based upon equitable considerations arising from the circumstances of the case, but this court held in that case that the act of 1919 should be construed as conferring authority to grant deficiency decrees against obligors other than the makers of the mortgage without denying the exercise of the judicial discretion previously vested by rule 89.

It was probably to clarify the meaning of the statute of 1919 in this respect, and to limit its scope in certain other respects, and without any intention to vary or upset the settled doctrine of *res judicata,* that the legislature, in May, 1927, before this court had decided the case of

Fagan v. Robbins, enacted Chapter 11993, section 5751 C. G. L., which reads as follows:

"In all suits for the foreclosure of mortgages, heretofore or hereafter executed, the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency."

But the legislative intent to also give the mortgage holder the right to sue at law if he was not granted a deficiency decree for the full balance due on the mortgage debt, except as against the original mortgagor in a purchase money mortgage when the mortgagee became the purchaser at foreclosure sale, was clearly indicated by Chapter 13625 of the Acts of 1929, which reads in part as follows:

Section 1. That Section 1 of Chapter 11993, Acts of 1927, being Section 5751, Compiled General Laws of Florida, 1927, be amended to read as follows:

Section 5751. Deficiency Decree: Common Law Suit to Recover Deficiency.—In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency shall be maintained against the original mortgagor or mortgagors in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor, or mortgagors."

(It might also be noted here that in June, 1927, by

Chapter 12325, the legislature expressly repealed the act of 1919.)

In the light of rule 89 and the statute of 1927, construed in connection with the settled doctrines of *res judicata*, were it not for the statute of 1929, above quoted, there might have been strong ground for holding that where the holder of a mortgage, in his foreclosure proceedings in equity, elect to submit to the court the matter of his right to a deficiency decree, and that court had exercised its jurisdiction and adjudicated the matter thus submitted to it, its decree thereon, unless reversed or modified on appeal, would have been final, and might have been successfully pleaded as *res judicata* in any subsequent suit in any other court between the same parties, or their privies, on the same cause of action; at least in cases where the court of equity had granted to the complainant a decree for any portion of the deficiency claimed. See Witter v. Neeves 78 Wis., 547, 47 N. W. 938; Lawrence v. Beecher, 116 Ind. 312, 19 N. E. 143.

Nor would this conclusion have been necessarily shaken by the fact that under rule 89 and the statute of 1927, the court of equity may exercise "a sound judicial discretion" in determining whether the complainant in foreclosure is entitled to a deficiency decree "for any portion of a deficiency, should one exist." The complainant would have been charged with knowledge of the existence of that power in the equity court when he voluntarily invoked the exercise of that power and jurisdiction, and when he did so, his only remedy for an abuse of such discretionary power would have been by appeal. He was not compelled to submit the adjudication of this question to the court of equity, but if he did so, he would have been bound by its decision, subject only to his right of appeal where such

discretion was abused. The discretion so vested is not an absolute and unbridled discretion, but a "sound judicial discretion" which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal. See Taylor v. Prine, decided at the present term. Thus the mortgage holder was given an election of remedies in this respect. He could submit the matter to the court of equity in his foreclosure proceeding, or, under the statute, he also had the right to sue at common law to recover such deficiency. If he had desired to stand on his rights in a suit at law to recover in full any deficiency that might have existed after the application to the mortgage debt of the proceeds of the foreclosure sale in equity, he could have done so; but, if he desired to do this, he should in his foreclosure proceeding have refrained from submitting the adjudication of that question to the equity court. Without the amendment of 1929, by which the legislative intent to the contrary is shown, we doubt if he could have submitted the same question to both courts.

But the statute of 1927 as amended by the statute of 1929, Chapter 13625, above quoted, clearly shows that the legislature contemplated that while a court of equity, in its sound judicial discretion, should be empowered—not required—to enter a deficiency decree for any portion of a deficiency, should one exist, its decision on this question, whether it granted a decree for any portion of such deficiency, or denied it altogether, (as in the case of Gober v. Braddock, *supra*) would not bar the complainant from also suing at common law to recover any balance remaining due on the mortgage debt, after crediting the proceeds of the sale and any portion of the deficiency which might have been allowed, except in cases falling within the pro-

viso set forth in the statute, which reads: "provided no suit at law to recover such deficiency shall be maintained against the original mortgagor or mortgagors in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor or mortgagors."

It has been several times held by this court that the office of a proviso is, as a general rule, to restrain the enacting clause; to except something which would otherwise be within it. See cases cited in 3rd Vol. Florida Digest, Page 183. So the legislature evidently contemplated that the first clause in the statute of 1927, as amended by Chapter 13625, was broad enough to authorize a suit at law to recover a deficiency in the purchase price secured by mortgage, as against the original mortgagor, even where a deficiency decree had been granted in the foreclosure proceedings for some portion of the deficiency, and that in order to prevent such an operative effect of the statute, it was necessary to expressly restrain the enacting clause by putting in this proviso. It is the duty of the courts to give effect to the legislative intention as thus shown, even though it infringes to some extent upon the doctrine of *res judicata*.

Statutes should, when reasonably possible, be so construed as not to conflict with the constitution or with long and well settled legal principles, but the language of this statute, considering it as a whole, cannot be given its apparent meaning and purpose without upsetting to some extent the principle of *res judicata*, and thus creating a somewhat anomalous situation, which will in some cases require a circuit judge to grant to a party a judgment at

law on a cause of action, which, sitting as chancellor in a court of equity, he had already held such party was not, in equity and good conscience, entitled to enforce.

Counsel for plaintiffs in error contend that the judgment of the court below should be reversed on the authority of the recent case of Gober v. Braddock, 131 So. 407. But the decision in that case was, that where no deficiency decree was rendered, a motion therefor having been denied, the complainant could sue at law to recover such deficiency. Here a deficiency decree for a portion of the deficiency was rendered, and according to the plea of *res judicata*, it was granted under such circumstances, as to bring this case within both the letter and the spirit of the proviso in Chapter 13625 of the laws of 1929. The court below was therefore correct in overruling the demurrer to the plea of *res judicata*, and in denying a judgment in favor of the plaintiffs. The judgment of the court below, in the case brought before us by the transcript, in which the Ocean & Lake Realty Company is the defendant in error, will be affirmed, which, under the stipulation filed here, carries with it a like judgment of affirmance in the other case in which the Palm Beach Ocean Realty Company is the defendant in error.

Affirmed.

BUFORD, CJ., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, JJ., concur.

---

ON REHEARING.

Opinion filed June 24, 1931.

1. A statute should never be construed retrospectively or retroactively unless it clearly appears that such was the intention of the legislature, and this rule is particularly applicable where

to construe a statute retrospectively would render the same un-constitutional.

2. While the legislature may enact remedial statutes affecting procedure which may apply to pending proceedings, and may also change or modify the remedy for the enforcement of a contract right, provided the remedy be not wholly taken away nor so hampered or reduced in effectiveness as to render the contract practically incapable of enforcement, a statute would be void as impairing the obligation of a contract if it takes away all remedies, or the only existing remedy, for its enforcement.

3. Even if the proviso in Chapter 13625 of the Acts of 1929, could not have been properly applied to the case of these plaintiffs in error, it was quite plainly indicated by the court in the opinion heretofore rendered in this case that the plaintiffs in error, having applied for and obtained a deficiency decree in their favor in the court of equity, could not, under Chapter 11993, Laws of 1927, go into a court of law and therein maintain suit for the recovery of the balance due on the notes.

4. When plaintiffs in error filed their foreclosure proceedings, they had two remedies as to any deficiency that might exist after applying the proceeds of the foreclosure; they could apply to the equity court to adjudicate and grant them a deficiency decree, or they could have refrained from invoking the jurisdiction of equity in this regard and have sued at law for any balance due on the notes after applying the proceeds of the foreclosure. But plaintiffs in error could not, under chapter 11993 of the Laws of 1927, invoke the jurisdiction of equity and obtain a decree for a portion of the deficiency, and then without appealing from such a decree, go into a court of law and maintain a suit on the same cause of action which they had just submitted to the adjudication of the equity court.

5. Inasmuch as the exercise of the chancery court's jurisdiction in this respect is permissive and not mandatory, a provision in a decree merely denying or failing to grant a deficiency decree might be deemed as a mere declination on the part of the chancery court to exercise its jurisdiction in the premises, leaving the complainant free to sue at common law for any balance remaining due on the mortgage debt.

6. In the instant cases, the question as to deficiency decree was squarely presented to the chancery court, duly entertained and considered by it and the court exercised its jurisdiction and granted a decree for a portion of the deficiency, which decree,

standing unreversed and in full force and effect, became res judicata. As was strongly intimated in our former opinion, this conclusion would have been correct, under chapter 11993 of the Laws of 1927, even if chapter 13625 of the Acts of 1929 had never been enacted. And, as the instant cases fall within the proviso to the said act of 1929, the conclusion heretofore reached by the court would not be rendered incorrect by reason of the latter statute, whether the proviso thereto be valid or invalid, or whether it should·or should not be construed retrospectively, or as being applicable or inapplicable to suits pending at the time of its enactment.

7. The intent of the legislature in enacting chapter 11993 of the Laws of 1927 must be derived from the language of the Act of 1927, rather than from the language of the amendment thereto adopted in 1929.

A writ of error to the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Reaffirmed on rehearing.

*Wideman, Wideman & Wardlaw,* Attorneys for the Plaintiffs in Error;

*Henry J. O'Neill* and *Fleming, Hamilton, Diver & Lichliter,* Attorneys for the Defendant in Error.

BROWN, J.—The original opinion and decision in these cases were handed down on March 28, 1931, during the last term, and are reported in 133 So. 569. A rehearing was granted. The points raised by the petition for rehearing have been ably argued and briefed by counsel for the respective parties. All the pertinent facts were stated in the opinion already rendered, and need not be repeated here.

The contention of plaintiffs in error is that the decision of the court was founded upon the giving of a retrospective construction and effect to the proviso contained in Chapter 13625 of the Laws of 1929, not justified by the language of the Act, and that if such act justified such a retrospective construction it would be

unconstitutional and void. Plaintiffs in error point out that their mortgage was executed in 1925; that suit for its foreclosure was instituted in February, 1927; that the deficiency decree was rendered in July, 1928, and the common law actions to recover the remainder due on the notes were instituted in January, 1929; all of this taking place before Chap. 13625 was passed by the legislature in May, 1929. That therefore said act could have no effect on the granting of the deficiency decree, or upon such common law suits, which latter, however, did not ripen into judgments until November, 1930.

The basic theory upon which the contention of plaintiffs in error rests is, that, under the law as it existed at the time of the rendition of the deficiency decree in the foreclosure proceedings in July, 1928, plaintiffs in error had the right to sue at common law for the balance remaining due on the mortgage notes, after deducting the amount for which they had bid in the property at the foreclosure sale and the portion of the deficiency decree granted them by the court of equity in such foreclosure proceedings; that they had this right for the enforcement of the collection of such balance by suit at common law under the Act of 1927; and that as this was the only method afforded then by the law for the enforcement of such right, any subsequent act of the legislature taking away this right or purporting to do so would be unconstitutional in that it would impair the obligation of their contracts, deprive the plaintiffs of their property without due process of law and deny to them the equal protection of the laws; that the authorities hold that a statute should never be construed retrospectively or retroactively unless it clearly appears that such was the intention of the legislature, and this rule is particularly applicable where

to construe a statute retrospectively would render the same unconstitutional. We concede the correctness of the general rule thus stated. See 36 Cyc., 1205, 1210, 1215, 1223; 786 et seq.; McCarthy v. Havis, 23 Fla. 508, 2 So. 819; In re Seven Barrels of Wine, 79 Fla. 1, 83 So. 627. That while the legislature may change or modify the remedy for the enforcement of a contract right, provided the remedy be not wholly taken away nor so hampered or reduced in effectiveness as to render the contract practicably incapable of enforcement, a statute would be void as impairing the obligation of a contract if it takes away all remedies for its enforcement, or takes away the only existing remedy for its enforcement, leaving no substantial or effective remedy therefor; citing 12 C.J. 1067; 6 R.C.L. 358; Black on Constitutional Law, 746, and numerous decided cases. In other words, if a party has a right of contract which he is entitled to enforce, a statute taking away the only remedy for the enforcement of that right is an impairment of the right itself.

But even if these contentions as to the general principles above outlined be correct, we cannot see that they can avail the plaintiffs in error anything in this case. If it be admitted for the sake of argument that the proviso in Chapter 13625 of the Acts of 1929, could not have been properly applied to the case of these plaintiffs in error, it is quite plainly indicated by the court in the opinion heretofore rendered in this case that the plaintiffs in error, having applied for and obtained a deficiency decree in their favor in the court of equity, could not, under the Act of 1927, go into a court of law and maintain therein suits for the recovery of the balance due on the notes. It was said in our former opinion (quoting from page 573 of 133 So.) that:

"In the light of rule 89 and the statute of 1927 construed in connection with the settled doctrine of res judicata, were it not for the statute of 1929, above quoted, there might have been strong ground for holding that, where the holder of a mortgage, in his foreclosure proceedings in equity, elects to submit to the court the matter of his right to a deficiency decree, and that court had exercised its jurisdiction and adjudicated the matter thus submitted to it, its decree thereon, unless reversed or modified on appeal, would have been final, and might have been successfully pleaded as res judicata in any subsequent suit in any other court between the same parties, or their privies, on the same cause of action; at least in cases where the court of equity had granted to the complainant a decree for any portion of the deficiency claimed. See Witter v. Neeves, 78 Wis. 547, 47 N.W. 938; Lawrence v. Beecher, 116 Ind. 312, 19 N.W. 143.

"Nor would this conclusion have been necessarily shaken by the fact that under rule 89 and the statute of 1927, the court of equity may exercise 'a sound judicial discretion' in determining whether the complainant in foreclosure is entitled to a deficiency decree 'for any portion of a deficiency, should one exist'. The complainant would have been charged with knowledge of the existence of that power in the equity court when he voluntarily invoked the exercise of that power and jurisdiction, and, when he did so, his only remedy for an abuse of such discretionary power would have been by appeal. He was not compelled to submit the adjudication of this question to the court of equity, but, if he did so, he would have been bound by its decision, subject only to his right of appeal where such discretion was abused. The discretion so vested is not an absolute and unbridled

discretion, but a "sound judicial discretion" which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal. See Taylor v. Prine, (Fla) 132 So. 464, decided at the last term. Thus the mortgage holder was given an election of remedies in this respect. He could submit the matter to the court of equity in his foreclosure proceeding, or, under the statute, he also had the right to sue at common law to recover such deficiency. If he had desired to stand on his rights in a suit at law to recover in full any deficiency that might have existed after the application to the mortgage debt of the proceeds of the foreclosure sale in equity, he could have done so; but, if he desired to do this, he should in his foreclosure proceedings have refrained from submitting the adjudication of that question to the equity court. Without the amendment of 1929 by which the legislative intent to the contrary is shown, we doubt if he could have submitted the same question to both courts."

Thus, the effect of the enactment of Chapter 13625 of the Laws of 1929, was to narrow, rather than enlarge, the effect of the statute of 1927, in respect to the finality of deficiency decrees generally, but as was pointed out in our former opinion, the case of the plaintiffs in error still fell squarely within the operation of the statute of 1927 as thus narrowed by the amendment of 1929.

Thus, the contention of complainants that the act of 1929 deprived them of a right which they possessed when the deficiency decree in the foreclosure was entered and when the suit at law was begun, (assuming as they do that under the Act of 1927 they were entitled to apply for a deficiency decree in the foreclosure proceedings, and, if the decree granted them only a portion of the

deficiency, to sue at law for the balance), is contrary to the principles of res judicata as set forth in our former opinion, and cannot be sustained. When plaintiffs in error filed their foreclosure proceedings, they had two remedies as to any deficiency that might exist after applying the proceeds of the foreclosure; they could apply to the equity court to adjudicate and grant them a deficiency decree, or they could have refrained from invoking the jurisdiction of equity in this regard and have sued at law for any balance due on the notes after applying the proceeds of the foreclosure. It is true, that it is not mandatory upon the court of equity to exercise such jurisdiction, and we have held in several cases, commencing as far back as Webber v. Blanc, 39 Fla. 224, 22 So. 655, that if no decree for deficiency is entered by the court of equity, the complainant may sue by law for the balance due on the mortgage notes; but we have never held that, under rule 89, or the Act of 1927, a party could invoke the jurisdiction of equity and obtain a decree for any portion of a deficiency, and then, without appealing from such decree, go into a court of law and maintain a suit on the same cause of action which he had just submitted to the equity court.

The writer is of the opinion that in cases decided before the act of 1929 was adopted where it had been made to clearly appear from a plea of res judicata filed in a subsequent action at law that the same cause of action between the same parties had theretofore been squarely presented to and considered by the equity court in a foreclosure proceedings, and that the chancellor had seen fit to expressly deny the application for a deficiency decree, and that his decree denying such deficiency stood unreversed and in full force and effect, such a plea of

res judicata should be held to constitute a good defense to the action at law; and that therefore the former opinion of this court in Gover v. Braddock, 131 So. 407, should be modified so as to conform more clearly to this view. But the majority of the court are of the opinion that, inasmuch as the exercise of the chancery court's jurisdiction in this respect is permissive and not mandatory a provision in a decree merely denying an application for a deficiency decree might well be deemed as a mere declination on the part of the chancery court to exercise its jurisdiction in the premises, leaving the complainant free to sue at common law for any balance remaining due on the mortgage debt, as was done in the Gober v. Braddock case, and that the decision in that case is not in conflict with our previous decisions. But in the instant cases, the issue was squarely presented to the chancery court, duly considered by it and the court exercised its jurisdiction and granted a decree for a portion of the deficiency, which decree, standing unreversed and in full force and effect, is res judicata. As was strongly intimated in our former opinion, this conclusion would have been correct, under chapter 11993 of the Laws of 1927, even if chapter 13625 of the Acts of 1929 had never been enacted. And, as these cases fall within the proviso to the said act of 1929, the conclusion heretofore reached by us could not be rendered incorrect by the enactment of the latter statute, whether such proviso be valid or invalid. This makes it unnecessary for us to here consider the constitutionality of the proviso. We might observe in passing that the language of the proviso indicates a legislative intent that it should apply to suits pending when it was enacted, as well as those thereafter instituted. It says, "no suit at law to

recover such deficiency shall be *maintained*," etc. It is contended by defendants in error that the statute, being remedial, this proviso, not containing any saving clause as to pending suits, must be applied to pending suits, and that it may be so applied without offending any constitutional principle; citing Cooley's Const. Limitations, Vol. 2, p. 754; Lewis's Sutherland on Stat. Constr., section 665; Goldstein v. Maloney, 62 Fla. 198, 57 So. 342; Edwards v. Meyer, 130 So. 57, 59; Campbell v. Iron-Silver Mining Co., 83 Fed. 643; South Carolina v. Gaillard, 101 U.S. 433, 25 Law Ed. 937, and other cases.

Assuming that the amendment of 1929 was a valid one, its validity not having then been questioned, we held in our former opinion, under the act of 1927 *as amended by the act of* 1929, a mortgagor could obtain a deficiency decree for a portion of the deficiency and still sue at law for the remainder, except in cases falling within the limited scope of the proviso in the act of 1929. But the fact should not be overlooked that the legislative intent to allow such suits did not appear until the statute of 1929 was enacted. Nor had this court up to that time ever held that such suits could be maintained. The intent of the legislature in enacting the 1927 act, as applied to suits arising between 1927 and 1929, must be derived from the language of the act of 1927. The intention of the legislature appearing from the 1929 act, to allow suits at law (except in cases covered by the proviso) to recover a balance due on the mortgage debt where the chancery court had already granted a decree for a portion of the deficiency, a right which this court had never recognized as existing under the former act, cannot date back to the 1927 act, which expressed no such intention.

Plaintiffs in error have been accorded an opportunity

to litigate their cause of action in a court of competent jurisdiction. They have done so, and without appeal. Assuming, but not admitting, that they had the right to relitigate the same cause of action in another court, or on the law side of the same court, it might be seriously and perhaps justly contended that this was a mere privilege which the legislature might deprive them of, even during the pendency of the second litigation, without impairing their constitutional rights.

As to the binding effect of the action of the chancery court in granting deficiency decrees see, in addition to the cases cited in our former opinion, the following: Sears v. Nichols, 123 Ill. App. 449; Getty v. Schantz, 100 Fed. 577; Mutual Life Ins. Co. v. Newton, 50 N.J.L. 571, 14 Atl. 756; Brigel v. Creed, 65 Ohio St. 40, 60 N.E. 991; 3 Jones on Mortgages, Section 1584; 2 Freeman On Judgments, Section 586. Some of these authorities hold that where a decree is rendered for a deficiency on the mortgage notes, (or the cause of action, whatever its form), they are merged into such judgment or decree, and no subsequent suit can be maintained upon them and that such decree, unreversed, it res judicata.

It is true that Chapter 11993, Laws of 1927, after providing for the entry of deficiency decrees also says that "the complainant shall also have the right to sue at common law to recover such deficiency". But this means that he has an election of remedies; he may obtain a deficiency decree in the mortgage foreclosure, or he may sue at law to recover such deficiency.

It was said by this Court, speaking through the present Chief Justice, in Voorhis v. Crutcher, 98 Fla. 259, 123 South. Rep. 742, that this clause of the statute was at best only a restatement of the law obtaining in this State prior to that enactment.

We do not see that the application of the principle of res judicata to the deficiency decree in this case has worked any great hardship upon plaintiffs in error, when the facts disclosed by the record are considered. Plaintiffs in error, as complainants in the foreclosure proceeding, got back the land which they had sold the defendant in 1925 for about $1,200,000. with valuable improvements thereon alleged to have cost $250,000., and they of course retained the $500,000, which the defendants had paid in cash in 1925 when the mortgage for the balance of the purchase price was given. In addition to all this the chancellor allowed them a deficiency decree for $50,000. The defendants lost everything. True, the complainants prayed for a deficiency decree for about $900,000. being the full balance due on the mortgage notes with interest, after deducting the amount for which they had bid in the property at the foreclosure sale in 1928, $150,000.; but by his decree the chancellor in effect said, you have submitted this question to a court of conscience, and this court holds that in all equity and good conscience, you should not be allowed a deficiency decree for more than $50,000; *that* the court will give you, and no more. And the complainants took no appeal. The question thus decided became *res judicata* and could not be relitigated in any other court. Such was our original decision and we see no good reason to depart therefrom.

Judgments reaffirmed on rehearing.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

WHITFIELD, P.J. (concurring) :

"The rule of procedure in giving deficiency decrees does not belong to a court of equity, unless speci-

fically conferred by statute or a rule of court.'' Johnson v. McKinnon, 45 Fla. 388, 34 So. 272.

''In the absence of a statute, or rule of court made in compliance with law, no decree in chancery for a deficiency, after a sale of the mortgaged property could be entered in a court of equity, unless it be that the debt, without the mortgage, is such that a court of chancery would have jurisdiction of it, and could render a decree for it.'' Webber v. Blanc, 39 Fla. 224, 22 So. 655; 42 C.J. 290, 300.

Under Chancery Rule 89, adopted by legislative authority in 1873, a deficiency decree may be rendered in a mortgage foreclosure against the parties who are primarily liable for the mortgage debt when the proceeds of a sale of the mortgaged property are insufficient to pay the mortgage debt. Snell vs. Richardson, 67 Fla. 386, 65 So. 592.

If a deficiency decree be duly applied for and a consideration of the application be denied. Gober v. Braddock, ......Fla......., 131 So. 407, or if no application for a deficiency decree be made and no deficiency decree on the merits is rendered, an action at law may be brought for the deficiency; but if an application for a deficiency decree is duly made and entertained and a decree on the merits is rendered granting or denying it whole or in part a decree for the deficiency claimed, the decree becomes res adjudicata unless it is reversed or modified in appellate or other direct proceedings duly taken.

Chapter 7839, acts of 1919 extended the remedy by deficiency decrees to all suits to foreclose mortgages or to enforce other liens and against all parties liable for the mortgage debt or the lien debt. Chapter 12325, Acts of 1927, expressly repealed Chapter 7839, Acts of 1919.

Chapter 11993, Acts of 1927, recognizes the authority

of the circuit judges to render deficiency decrees in mortgage foreclosures in equity (presumably under Chancery Rule 89, since Chapter 12325, Acts of 1927, repealed Chapter 7839, Acts of 1919) and provides that "the entry of a deficiency decree for any portion of a deficiency should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency." The intent of this enactment is not to modify the rule of *res adjudicata* or to give to complainant in a mortgage foreclosure suit a right of action at law for a further recovery, should a deficiency decree be rendered for a portion only of the deficiency claimed; but the purpose of the act is to sanction the authority of the equity court, "within the sound judicial discretion of the court," to render a decree for "any portion of a deficiency, should one exist," and to recognize the right of the complainant "to sue at common law to recover such deficiency," if a deficiency decree is not denied or granted on the merits. An action at law would be to recover "such deficiency" not an amount in addition to that covered by the deficiency decree.

Chapter 13625, Acts of 1929, amended Chapter 11993, Acts of 1927, by adding a proviso that "no suit at law to recover such deficiency shall be maintained against the original mortgagor or mortgagors in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor or mortgagors." The quoted proviso merely enacts that an action at law shall not be brought to recover a deficiency where the original mortgagee purchases the property at

the foreclosure sale and a deficiency decree has been rendered against the original mortgagors in favor of the original mortgagee of a purchase-money mortgage. Without such enactment a deficiency decre for all or a part of the deficiency claimed in any case, would, upon becoming *res adjudicata,* bar an action at law to recover any portion of the deficiency claimed whether that claimed be included in the deficiency decree or not.

A complainant in mortgage foreclosure proceedings may bring an action for the balance due on the mortgage debt after applying the proceeds of the mortgaged property sold, or such complainant may invoke the equitable remedy by deficiency decree under the statute; but the latter remedy is invoked subject to the limitation contained in the statute and subject to applicable rules of *res adjudicata;* and if the decree on the merits rendered on an application for a deficiency decree is not satisfactory it must be reviewed by direct proceedings or it becomes *res adjudicata.* In this case the complainant asked for a deficiency decree and obtained a decree for a portion of the amount claimed. As the decree so rendered was not reviewed by appeal or other permissible direct proceedings, such decree became *res adjudicata.*

DAVIS, J., concurs.