11198

F. S. ROYSTER GUANO CO. v. YEARGIN

(117 S. E., 199)

Bills and Notes—Illiterate Comaker, Accepting Construction of Adverse Party Without Requesting That Note be Read, Liable Thereon.—Where, though a comaker of a note given for fertilizer was unable to read and write, he did not request that the note be read to him, but signed it on the representation that he was not to be bound with the others and that he would get a discount of $2.00 a ton, *held,* that he was liable on the note as the contest is as to the construction of, and not the contents of, the note.

Before PRINCE, J., Anderson, June, 1922. Affirmed.

Action by F. S. Royster Guano Co. against G. S. Yeargin, N. O. Harris and Mrs. S. J. Seigler. From a directed verdict for plaintiff the defendant appeals.

*Mr. Kurtz P. Smith,* for appellant, cites: *Directed verdict improper:* 92 S. C., 554. *Party who cannot read not bound by contract procured by fraudulent representations:* 71 S. C., 150; 78 S. C., 419; 9 S. C., 43; 79 S. C., 429;

113 S. C., 321; 100 S. C., 200; 92 S. C., 393; 118 S. C., 368.

*Messrs. Bonham & Allen,* for respondent, cite: *Parol evidence inadmissible to vary written contract:* 24 S. C., 128; 69 S. C., 93; 83 S. C., 204; 91 S. C., 316. *A false representation as to legal effect of signature will not avoid note:* 91 U. S., 205; 33 Ill., 243; 20 Cyc., 19; 33 Ohio St., 283; 9 S. C., 20; 26 Iowa, 498; 68 Am. Dec., 653.

April 21, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows:

"Plaintiff brought its action in the Court of Common Pleas for Anderson County, to enforce collection of the balance alleged to be due by defendants on a promissory note executed by them and delivered to plaintiff. The defendants, G. S. Yeargin and Mrs. S. J. Seigler, filed no answer, and judgment was taken against them by default. This appeal is on behalf of, and for the sole benefit of, the defendant, N. O. Harris. The defendant, N. O. Harris, denied being indebted to plaintiff, contending that he had fully paid to the ·plaintiff all sums due by him under said note, and that his signature to the note was obtained through fraud and false representation made to defendant by plaintiff. The case was tried before Judge Prince with a jury at the June term, 1922, and, at the conclusion of defendant's testimony, the presiding Judge directed a verdict against the defendant in favor of the plaintiff. From judgment entered thereupon, defendant now appeals.

"Exception ascribes error in so directing a verdict for the plaintiff against the defendant, N. O. Harris.

"CASE WITH EXCEPTIONS

"Synopsis of Complaint.—Alleges corporate capacity of plaintiff; alleges the execution and delivery by the defend-

ants, G. S. Yeargin, Mrs. S. J. Seigler, and N. O. Harris of their certain sealed note of which the following is a copy:

" '$1,667.86. Starr, S. C., May 1, 1920.

"'On or before the 1st day of November, 1920, next. I or we, or either of us, promise to pay F. S. Royster Guano Company, or order, sixteen hundred sixty-seven and 86/100 dollars, payable at the Planters' Bank, Starr, S. C., in lawful currency of the United States, with interest from maturity at the rate of eight per cent. per annum, until paid, with all costs of collection, including attorney's fees of ten per cent. and all Court costs for value received in fertilizers. I hereby acknowledge that at the time of delivery to me each sack of this fertilizer bore the manufacturer's guaranteed analysis of its contents, and also the inspector's tag, and that in all respects the laws of this State have been complied with, and that the seller of these fertilizers has neither impliedly nor expressly warranted the effects of it on the crops. I hereby agree that I will not hold the said F. S. Royster Guano Company responsible in any wise for practical results. And we, the maker or makers, indorser or indorsers, hereby waive protest. presentation, and notices of dishonor, under any laws as against this note, or any renewal thereof.

" 'Witness my hand and seal the day and year first above written.'

"That certain payments had been made on said note, among others being $454.50, paid August 13, 1921, and prays for judgment against all of the defendants for the balance due under said note."

"Synopsis of Answer (for a First Defense).—Separate answer by the defendant, N. O. Harris, admits the allegations of the complaint, except so much as alleges that the defendant, N. O. Harris, is indebted to plaintiff in any amount, alleging payment in full of all amounts heretofore due by him to plaintiff."

The second defense sets up fraud. The defendant put up a witness, R. H. Taylor, who makes the strongest case for the appellant. His testimony is:

"I live about six miles below Starr, and was working for Mr. N. O. Harris year before last; was present in the field when Mr. Strickland, the Royster Guano man, came down there. I heard their conversation. Strickland told Mr. Harris that the guano people had sent the notes to him, and he was getting them up. He handed him the note, and Harris says, 'Now, Strickland, I want to sign the note for my own guano.' He said, 'Well, you sign this note.' Harris told him, 'I will sign the note for my own fertilizer; give you my own note.' Strickland said, 'Come on, sign this note with these other people to get the $2 off. It don't bind you with the other fellows at all.' Harris then said, 'I will come up and pay you to-day'; but he said, 'No; you will have to sign the note anyway to get the $2 a ton off; that Richard and Reid and George had all signed, and all of the rest of them signed their own note; that there is nothing to it. It don't bind you to the other fellow at all.' Harris told him, 'I won't sign a note with anybody; I won't bind myself with the other fellow at all'; and Strickland told him that this didn't bind him for any, but his own part, $454.50."

Cross-Examination: "I was close to the parties all the time. Mr. Harris did not ask for the note to be read. I saw the bulk of the note, but didn't see who had signed it. I saw Harris writing on the note. I was not paying any special attention to their business. I just stopped and smoked while they were talking. I can read and write. I was living with Mr. Harris then, but am not living with him now." ·

Defense closes.

"Mr. Doyle: If the Court please, I want to move for a directed verdict for the plaintiff in this case.

"The Court: I will direct a verdict for the full amount due under the note."

The presiding Judge directed a verdict for the plaintiff, and the defendant appealed. The only question raised is as to this ruling. In argument, the appellant relies upon *Baldwin v. Postal Telegraph Co.,* 78 S. C., 419; 59 S. E., 67, and says:

"The case of *Baldwin v. Postal Telegraph Cable Co.,* 78 S. C., 419, is another case in point where the Court holds that one who cannot read is not bound by a written contract executed by him in reliance upon representations as to its contents, which turn out to be untrue and fraudulently made. In that case the the Court uses the following language: 'The rule is a person who is unable to read is bound to have the paper read to him before signing, just as a person who can read is bound to read it before signing; and failure by such illiterate person to take this precaution will, ordinarily, be regarded such gross negligence as will estop him from avoiding the contract.' *Montgomery v. Scott,* 9 S. C., 43. But another rule coexisting with this is, if one of the parties induces the other to sign a paper in reliance upon his representation as to its contents, and the representation turns out to be untrue and fraudulently made, the party who relied on it is not bound to him who deceived him into signing the paper."

This case does not sustain the appellant. It is true the appellant cannot read and write, but Mr. Taylor can, and the appellant did not ask to have it read. The contest is as to the construction of the note and not its contents. The appellant did not want to sign a note with others, but after discussion signed the note with others to get a discount of $2 per ton. There was nothing that his Honor could do but direct a verdict.

The judgment is affirmed.