12186

HARPER v. AMERICAN RAILWAY EXPRESS CO.

(138 S. E., 354)

1. APPEAL AND ERROR—SUPREME COURT WILL CONSIDER ONLY QUESTIONS RAISED IN LOWER COURT.—Only questions raised in the lower Court can be considered by Supreme Court on appeal.

2. ACCORD AND SATISFACTION—COMPROMISE AND SETTLEMENT—WHETHER CHECK WAS IN FULL SATISFACTION WAS FOR JURY, WHERE ENTIRE DAMAGES COULD NOT BE DETERMINED WHEN CHECK WAS GIVEN.— Where, in action to recover damages resulting from being required to delay construction of building in accordance with contract, evidence showed that at time defendant gave plaintiff a check covering watchman's services during such period it was impossible to determine entire extra expenses resulting, question whether check was given and accepted in full satisfaction *held* for jury.

3. EVIDENCE—STATEMENT BY AGENT OF BOTH PARTIES HELD ADMISSIBLE.—Statement by person on whom both parties had agreed as agent to determine extra expenses *held* admissible as statement rendered by agent of both parties in carrying out purpose of agency.

4. WITNESSES—CONTRARY STATEMENT OF WITNESS HELD ADMISSIBLE.— Contrary statement made by witness *held* admissible, after introduction of testimony differing from statement.

Before TOWNSEND, J., Sumter, November, 1925. Affirmed.

Action by J. W. Harper, trading under the name of J. W. Harper & Son, against the American Railway Express Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint alleges that plaintiff and defendant contracted for the erection of an express depot for defendant

for a stipulated price, and that during construction plaintiff was required to discontinue work until further instructions to proceed, and that work was thereafter resumed under an agreement on the part of defendant that it would compensate plaintiff for loss suffered by reason of delayed operations, which defendant had failed to do.

The exceptions are as follows:

"(1) Because his Honor erred in not granting a nonsuit on the following grounds:

'(a) Because the only reasonable inference to be drawn from the testimony was to the effect that plaintiff had been paid in full for any damages due to delaying construction work, or expense incurred on account of said delay; there being no evidence of any expense or damage other than that paid by the defendant.

"(b) Because the evidence showed conclusively that the voucher for $120 accepted by the plaintiff 'in full settlement of extra expense incurred due to delaying construction work, salary of watchman two months at $60 per month at Florence, S. C.,' was in accord and satisfaction.

"(2) Because his Honor erred in not directing a verdict on the following grounds:

"(a) Because the evidence clearly showed that the plaintiff had been paid in full, and there was nothing further due him by the defendant.

"(b) Because the evidence clearly showed that the voucher isued by the defendant in favor of the plaintiff for $120 was in accord and satisfaction.

"(3) Because his Honor erred in refusing defendant's motion for a new trial on the following grounds:

"(a) Because the verdict is not supported by the evidence.

"(b) Because the only inference to be drwn from all the testimony is to the effect that labor did not advance, subsequent to the delay complained of, and plaintiff therefore suffered no extra expense on account of increase in expense of labor.

"(c) Because the statement of S. S. Leonard, plaintiff's superintendent, on which the jury undoubtedly based their verdict, since the figures are the same even to the cents, was incorrect, and was admitted by Leonard, under oath, to be incorrect, that it did not represent extra costs due to delay.

"(d) Because the complaint is based upon extra expense incurred, and all that the testimony shows is a mere possibility of some extra expense due to the fact it is more expensive to carry on building operations in the winter than in summer—and the voucher for $120, accepted by 'the plaintiff, clearly states that it is 'in full settlement of extra expense incurred due to delaying construction work, salary of watchman two months at $60 per month, at Florence, S. C.'

"(4) Because the trial Court erred in admitting in evidence, over objection of defendant, the following statement of S. S. Leonard, plaintiff's superintendent:

"'Sumter, S. C., 6/27/24.

"'Florence Building—Extra Cost of Labor.
American Railway Express Company to J. W. Harper & Son, Sumter, S. C.

| | |
|---|---|
| Cement, foundation, and finishing, extra labor ..$ | 366.16 |
| Brickwork, extra labor ..................... | 255.00 |
| Carpenter work, extra labor ................. | 553.00 |
| Painting, extra labor ....................... | 80.00 |
| Total ...............................$ | 1,254.16 |

"'Extra bill is caused from the delay by suspending building operations by the company.

"[Signed] S. S. LEONARD"

"The following written at bottom of page in Harper's handwriting: 'For additional supervision 4 months at $125.00 per month, $500.00, making a total of $1,754.16.'

"The error being that said statement is a self-serving declaration and clearly hearsay as to the defendant."

*Messrs. R. C. Alston, Blair Foster, and Reynolds & Reynolds,* for appellant, cite: *Acceptance of remittance sent as payment "in full"; accord and satisfaction:* 1 R. C. L., 196; 134 S. E., 292.

*Messrs. Epps & Levy,* for respondent, cite: *That there is no evidence to support cause of action should be first made either by a motion for nonsuit or to direct verdict:* Rule 77 Circuit Court. *Accord and satisfaction must be pleaded:* 1 C. J., 574; 33 S. E., 961. *Bona fide dispute essential to sustain accord and satisfaction:* 1 C. J., 527. *Giving and acceptance in satisfaction essential:* 1 C. J., 529; 30 S. C., 111.

April 11, 1927.

The opinion of the Court was delivered by Mr. Chief Justice Watts.

"This cause was begun by service of summons and complaint on the defendant, American Railway Express Company, on or about the 6th day of August, 1924. In due course trial was had before Hon. W. H. Townsend, presiding Judge, at fall term of Court of Common Pleas for Sumter County, November 27, 1925, and a verdict returned by the jury: 'We find for the plaintiff $1,254.16.'. Motion for a new trial was duly made and refused, and defendant duly served notice of intention to appeal to the Supreme Court of South Carolina, from the judgment which was duly entered on said verdict."

The exceptions, four in number, which will be reported, complain of error in not granting a nonsuit, directed verdict, and new trial asked for by the defendant, and in admitting in evidence, over objection, the statement of S. S. Leonard, plaintiffs' superintendent, as being a self-serving declaration and hearsay.

It will be observed that there is no complaint as to the Judge's charge and no specific requests to charge on the

part of the defendant and no request to his Honor to amplify his charge in any particular.

Most of the grounds of error raised here were not made in the lower Court, and cannot be considered by us. Only questions raised in the lower Court can be considered by us.

No complaint was made as to the matter of estimate made and adopted by Leonard. As to his Honor's refusal to grant a nonsuit or a directed verdict made by the defendant; as to the nonsuit, but one ground was stated, and that was that the check showed that the plaintiff has been paid in full settlement.

The motion for a directed verdict was made on two grounds as follows:

"(1) That the draft for $120 in payment of the watchman's services, and which was marked in full compensation for the damages caused by the delay, was in accord and satisfaction.

"(2) That the only inference to be drawn from the entire testimony was that plaintiff had been paid in full for all damages due to delay."

His Honor committed no error in his ruling. The acceptance of the check was to pay what plaintiff was out for, a watchman. The other work had not been done and was done after that time, the matter was left to Leonard by both parties for settlement, and he made an estimate showing that the appellant was indebted to the respondent in the sum of $1,254.16.

His Honor was entirely correct to leave it to the jury whether the acceptance of the check was given and accepted in satisfaction of the debt. The testimony shows at the time the voucher was given it was impossible to tell the entire extra expenses. There is no exception on the ruling of the Court on this phase of the case.

As to the exception alleging error in admitting statement by Leonard: The testimony showed that it was agreed by both parties that Leonard was the agent of both parties to determine the extra expenses. The statement made by Leonard was admissible for the purpose of showing the plaintiffs' claim and also a statement rendered by the agent of both parties in carrying out the purpose of the agency, and, after the testimony of Leonard that the watchman's salary was the sole additional expense, to wit, $120, it was competent for the purpose of showing that Leonard had made a contrary statement in writing.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE R. E. WHITING concur.