E. J. SPARKS ENTERPRISES, INC., *Plaintiff in Error*, v. J. C. CHRISTMAN, *Defendant in Error*.

Opinion Filed May 15, 1928.

Petition for Rehearing Denied June 2, 1928.

*Bryant & Trantham,* for Plaintiff in Error;

*Gaines & Futch,* for Defendant in Error.

JOHNSON, Circuit Judge:

The defendant in error brought suit in the Circuit Court, Lake County, Florida, against the plaintiff in error on a promissory note in the sum of twenty-five hundred dollars; the note sued on dated November 18, 1925, and due on or before one year after date.

The declaration declares on the promissory note in form. To the declaration the plaintiff in error, who was defendant in the court below, filed two pleas as follows: ''That the promissory note sued upon herein was made, executed and delivered in pursuance to an executed contract for the bargain and sale of certain real estate, situate in the City of Leesburg, Lake County, Florida, and that on such purchase this defendant paid to the plaintiff the sum of $12,-500.00 cash, and executed promissory notes aggregating the sum of $7,500.00, of which the note sued on is one, and likewise executed and delivered its mortgage to secure the payment thereof, covering said real estate. That the plaintiff had adequate security for the enforcement of the debt,

evidenced by the said promissory notes of which the note sued on is one, and foreclosure of the said mortgage is available to this plaintiff, as a remedy for the enforcement of said debt. That by the terms of the said mortgage all of the promissory notes, secured thereby, became due upon the default in the payment of any one, and the plaintiff might by foreclosure proceedings enforce the payment of the entire indebtedness by such proceedings, but the plaintiff's action in bringing this suit on one of the promissory notes and not resorting to his mortgage security is a needless, burdensome and vexatious litigation. That the action of the plaintiff in resorting to a suit a law on the promissory note causes a multiplicity of suits and is designedly for the purpose of preventing this honorable court, sitting as a court of equity, from exercising its jurisdiction and discretion to grant or deny a deficiency judgment in a foreclosure proceeding on said mortgage.''

The second plea is as follows: ''The defendant, aforesaid, by its attorneys, aforesaid, for a further plea on equitable grounds to the declaration, repeats and reiterates each and every matter of fact hereinabove alleged in its first plea and of this it puts itself upon the country.''

The plaintiff interposed a demurrer to the defendant's two pleas on the ground ''that a promissory note is secured by a mortgage does not preclude a suit at law on the note.'' The court below entered an order sustaining the demurrer, which is the basis of the first assignment of error.

The defendant in the court below filed amended pleas as follows: ''That the promissory note sued upon was made, executed and delivered to the plaintiff as a part of the purchase price of a certain parcel of real estate situated in the city of Leesburg, Florida; that to secure the payment of that part of the purchase price as evidenced by the promissory note sued upon, this defendant made, executed

and delivered a mortgage to the plaintiff upon said real estate in the usual form and containing the usual covenants set forth in mortgages of that character; that at the time of the purchase of the real estate aforesaid, it was understood and agreed between the parties that the seller, J. C. Christman, would look to and rely upon said mortgage as security for the payment of said promissory note and not to the individual responsibility of the maker thereof; WHEREFORE, this defendant pleads such facts in bar of the action on the note aforesaid, and this, the defendant is ready to verify.''

''And for a further plea on equitable grounds, this defendant says that the promissory note sued upon herein was made, executed and delivered by this defendant to the plaintiff as one of a series of notes, representing part of the purchase price of a certain parcel of real estate situated in Leesburg, Florida, said notes aggregating the sum of $7,500.00, the remainder of said purchase price of said property being either paid in cash to the said J. C. Christman or evidenced by existing mortgage indebtedness on the said real estate which were assumed by the purchaser; that to secure the payment of the promissory note made by the defendant, as aforesaid, a mortgage covering the said real estate and in favor of the said J. C. Christman, was executed and delivered by the defendant, which said mortgage provided, among other things, that in case of default in payment of any one of the said promissory notes, or any installment of interest thereon, the payee thereof might declare all of said notes due and payable and proceed to foreclose the mortgage for the entire amount thereof as though the full term of time provided in the said notes had elapsed; that it was further understood and agreed between the parties at the time, that the seller, J. C. Christman, would look to and rely upon the mortgage security

solely as a means of enforcing the payment of said notes and not to the individual responsibility of the maker thereof; WHEREFORE, this defendant says that suit by the plaintiff on the said notes in actions at law at the respective times of the maturity thereof causes a multiplicity of suits, and the defendant should not be permitted to maintain this action, etc."

"And for a second plea on equitable grounds, this defendant says that the note sued upon herein was made, executed and delivered by this defendant as one of a series of notes evidencing part of the purchase price on real estate situated in Leesburg, Florida, and at the time of making said notes, this defendant made, executed and delivered to the plaintiff a mortgage on said real estate to secure the payment thereof, as it was understood and agreed between the parties that the seller would look to and rely upon the mortgage security solely as the means of enforcing payment of said notes. That the act of the defendant in bringing suit upon the note sued upon is done solely for the purpose of depriving the court, sitting as a court of chancery, of its jurisdiction in the premises and preventing this court sitting as a court of chancery from exercising its discretion in the matter of granting or refusing to grant a deficiency judgment in the foreclosure of said mortgage.

WHEREFORE, this defendant says that the plaintiff ought not to be permitted to maintain this action, etc."

The plaintiff in the court below demurred to the three amended pleas of defendant. The demurrer was sustained by the court. The order of the court sustaining the demurrer to the three amended pleas is the basis of the second, third and fourth assignments of error.

Final judgment on the note was then entered by the court on the note sued on in favor of the plaintiff. The

entry of final judgment is the basis of the fifth assignment of error.

It will not be necessary to undertake to treat each assignment of error separately. The questions raised by the pleas might be classified as follows:

FIRST. Can evidence of a contemporaneous parol agreement be admitted to vary or contradict the terms of an unambiguous written contract?

SECOND. Do the provisions of Chapter 11993, Acts of 1927, laws of Florida, take from the holder or payee of a note or an indebtedness secured by a mortgage of the right to discard the mortgage and bring action at law for the mortgage indebtedness?

THIRD. Do the pleas interposed by the defendant, or does any one of such pleas, allege facts that would entitle the defendant to relief from a multiplicity of suits?

As to the first question above. Neither of the pleas interposed by the defendant undertake to allege that the mortgage securing the series of notes, of which the one sued on is one, contained any agreement, provision or stipulation that the holder or payee of the notes, or either of them, would be confined and restricted to the mortgage security for the payment thereof. The note sued on is an unqualified promise to pay Twenty-five Hundred Dollars on or before one year after date. The note was due November 18, 1926, and suit was instituted thereon on March 16, 1927.

In the case of Taylor v. Am. Nat. Bank of Pensacola, 63 Fla. 631, 57 So. 678, this Court has held: ''As a general rule the promise to pay, as evidenced by a promissory note, is one distinct agreement, and, if couched in proper terms is negotiable, while the pledge of real estate to secure that promise, as evidenced by a mortgage, is another distinct agreement, which is not intended to affect in the least the promise to pay, but only to provide a remedy for the failure

to carry out such promise. The holder of the note may, if he sees fit so to do, discard the mortgage entirely and bring an action on the note.''

In the case of Scott v. Taylor, 63 Fla. 612, this Court holds that: ''That a mortgage executed as security for the payment of a negotiable promissory note is a mere incident of and ancillary to such note.''.

We do not hold that a mortgage given to secure the payment of a promissory note, negotiable or otherwise, cannot by proper covenants, stipulations and agreements contained in the mortgage facilitate or retard the due date as fixed in the note, or make other conditions that might change the unqualified terms of the note as between the maker and payee or others with notice. In this case the defendant does not plead any such covenants, stipulations and agreements as being contained in the mortgage. On the other hand the defendant in its first amended plea recites: ''This defendant made, executed and delivered a mortgage to the plaintiff upon said real estate in the usual form and containing the usual covenants set forth in mortgages of that character.'' From the pleadings, or pleas, the logical presumption is that the defendant secured a deed to the real estate purchased by him; that he paid for this real estate by assuming, or taking subject to, an existing mortgage for $12,500.00, and executing notes aggregating $7,500.00. Apparently nothing was paid in cash. The position of the defendant now is that there was a parol agreement, contemporaneous with the transaction, that he was not obligated to pay as expressed in the notes. Neither of the pleas interposed undertakes to set up any fraud on the part of the plaintiff, or any other defense other than the alleged parol agreement.

The holding of this Court in the case of Forbes v. The Ft. Lauderdale Mer. Co., 83 Fla. 66, clearly covers this

case. In that case the Court holds: "A party cannot, either in law or in equity, contradict or vary the terms of his written or unambiguous contract by showing that not-withstanding he signed such contract it was with the under-standing resting in parol that he was not to be bound by its terms, and a plea averring such defense to an action upon such written contract will upon motion be stricken because it sets up no defense to the action susceptible to legal proof."

The second question: The defendant, in its original first plea and in its second amended plea on equitable grounds, recites: "That the act of the plaintiff in bringing suit upon the note sued upon herein is done solely for the purpose of depriving this court sitting as a court of chancery of its jurisdiction in the premises and preventing this court as a court of chancery from exercising its discretion in the matter of granting or refusing to grant a deficiency judgment in the foreclosure of said mortgage." This does not constitute a defense to this action on the note sued on.

It is true that the Legislature, by Chapter 11993, Acts of 1927, enacted: "That in all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the Court, *but the complainant shall also have the right to sue at common law to recover such deficiency.* (Italics ours.)

"The power vested in Circuit Courts, in Equity; by rule 89 of the Circuit Courts in Equity, for the foreclosure of mortgages declaring that a decree may be rendered for any balance that may be found due to the plaintiff over and above the proceeds of sale or sales, is a discretionary one, and may be granted or denied according to the facts and

circumstances in each case." Realty Mortgage Co. v. Moore, 80 Fla. 2, 85 So. 156.

For other authorities construing and applying Rule 89 of Equity Rules, see Etter v. State Bank of Florida, 76 Fla. 203, and Snell v. Richardson 67 Fla. 386.

Further on this point: This Court held in the case of Webber v. Blanc, 39 Fla. 224, that "The fact that a mortgage was taken to secure the note did not deprive the holder thereof of the legal remedy to collect it, nor is there any legal obstacle in the way of his suing at law for the balance due on the note after the sale under the foreclosure decree in equity, if no judgment for the deficiency was entered in such proceedings."

Under a proper construction, as we see it, the enactment of Chapter 11993 was not intended to take away the right to enforce a debt secured by a mortgage by an action at law, nor to deprive the creditor of the right to enforce a deficiency after foreclosure in an action at law.

As to the third question, multiplicity of suits. The defendant in its first amended plea on equitable grounds recites: "that which said mortgage provided, among other things, that in case of default in payment of any one of the said promissory notes, or any installment of interest thereon, the payee thereof might declare all of said notes due and payable and proceed to foreclose the mortgage for the entire amount thereof." It appears that this is the usual option contained in mortgages where the mortgage indebtedness secured thereby is payable by installments.

Under the holding of this Court in the case of Warren et al., v. Creevey, 87 Fla. 46, "It is competent for the parties to agree that upon default in the payment of interest or the breach of any other condition by the mortgagors the mortgagee shall have the option of declaring the principal debt to be due and proceed to foreclose." In this same

case the Court held that, "A mortgage given to secure the payment of money by installments may be foreclosed to the extent of the installments as to which the defendant has defaulted . . . ."

There is nothing in the pleas of the defendant to indicate that the plaintiff has exercised his option and declared the entire indebtedness due; neither is there anything showing that more than one note was due at the time suit was brought on the note sued on.

Finding no error the judgment is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.