GUY B. SHEPARD, LIQUIDATOR OF THE AMERICAN BANK
AND TRUST COMPANY, A FLORIDA BANKING CORPO-
RATION, PLAINTIFF, v. AUGUSTUS HILTON, FRANK
W. HILTON AND JOHN HILTON, DEFENDANTS.

Decided December 24, 1932.

For the plaintiff, *T. Millet Hand.*

For the defendants, *Harry Tenenbaum.*

Sooy, C. C. J.   This case is submitted to me for trial
without a jury upon a stipulation of facts which is filed
herewith.

It is stipulated that, on August 1st, 1927, defendants
executed a promissory note and delivered it to plaintiff bank,
the note being in the sum of $5,500, payable on October
1st, 1927; that the note was not paid at maturity, but, by
reason of credits, was reduced to $2,414.93.

The Bank and Trust Company "having closed its doors,"
the present plaintiff was duly appointed as liquidator and as
such brings this suit.

When the note was delivered to the now defunct bank, it
was accompanied by certain securities which were deposited
as collateral security for the payment thereof.

The issue for my decision is raised in the third defense
as set up in defendants' answer as follows:

"Said note was created in the State of Florida, and to-
gether therewith there was given by defendants with securities
to an amount in excess of the amount of the promissory note,
and under the law of Florida, no claim can be made for any

deficiency which may result from a failure to collect the amount of security assigned for the payment of a promissory note."

Plaintiff, by the stipulation, "contends that the defendants are only entitled to credit to the extent that the plaintiff bank was actually able to collect on the securities pledged with the note, which is stipulated to be in the sum of $3,085.07."

Defendant contends in the brief filed in their behalf that, in 1920, Florida adopted the Uniform Negotiable Instrument act. I do not have access to the Florida act nor have its exact terms been quoted and I am, therefore, privileged to assume that its terms are the same as those contained in the original Uniform act. I am unable, in that act, to find any provision supporting the contention of defendant.

I further find that defendants' contention with respect to the law of Florida is not supported by the decisions of the courts of that state.

In *Taylor* v. *American National Bank of Pensacola*, 57 *So. Rep.* 678, the Supreme Court said:

"As a general rule the promise to pay, as evidenced by a promissory note, is one distinct agreement and if couched in proper terms, is negotiable, while the pledge of real estate to secure that promise, as evidence by a mortgage, is another distinct agreement which is not intended to affect the promise to pay, but only to provide a remedy for the failure to carry out such promise. The holder of a note may, if he sees fit so to do, discard the mortgage entirely and bring an action on the note."

And again, in *E. J. Sparks Enterprises, Inc.,* v. *Christman,* the same court, 117 *So. Rep.* 388, said:

"Where there is a promissory note and a mortgage given to secure the payment of the note, the payee or holder of the note has the right to discard the mortgage and resort to an action at law on the note, unless it should be otherwise provided in the note or mortgage. Chapter 11993, acts of 1927, does not change this rule of law."

My attention is called to *Williams* v. *Van Werter,* 60 *So.*

*Rep.* 184, as being contrary to the reasoning set forth in the cases above cited but I find no such case either at the page or in the volume cited.

I therefore find that the taking of collateral security did not and does not defeat plaintiff's recovery in this case.

In defendant's brief reference is made to an alleged agreement between plaintiff bank and the defendants whereby defendant agrees to surrender to the plaintiff all the collateral security which had been deposited with it, said surrender to be in full satisfaction of any balance due on the note. Under the stipulation as that instrument is before me, this defense is not available. The issue for me to decide is that set forth in the stipulation and not such issues as may be raised by way of written argument or brief. See paragraph 7 of the stipulation as above quoted.

I therefore find in favor of plaintiff, on this branch of the case, in the sum of $2,414.93, with interest at ten per cent., as provided by the note.

The note in suit provides for the payment of a "reasonable attorneys fee," if the note be collected "by law." From the evidence submitted I find that $250 is a reasonable fee and as such may be included in the amount awarded to the plaintiff.

I will sign a *postea* in accordance with the above findings.