14378

ALEXANDER v. MARTIN

(189 S. E., 468)

400

*Messrs. L. M. Gasque* and *A. F. Woods,* for appellant,

*Mr. L. D. Lide,* for respondent,

January 14, 1937.

The opinion of the Court was delivered by Mr. Justice Carter.

The opinion in this case filed on November 12, 1936, is withdrawn and this opinion is substituted therefor.

This action, instituted in the Court of Common Pleas for Marion County, November 13, 1930, originally commenced by Annie B. Sawyer against W. S. Foxworth, in his own right and as administrator of the estate of Catherine A. Foxworth, deceased, is a suit on two promissory notes, set forth in the complaint and appearing in the transcript of record, alleged to have been executed and delivered to the plaintiff by the said W. S. Foxworth and Catherine A. Foxworth, the wife of W. S. Foxworth, who has since died. It appears from the record that the defendant duly answered the complaint and denied all liability thereunder, a copy of the answer. This demurrer came on for hearing before Hon. E. C. B. Sawyer and W. S. Foxworth died, and S. L. Alexander, as executor of the will of Annie B. Sawyer, deceased, was substituted as plaintiff, and W. M. Martin, as administrator cum testamento annexo of the estate of W. S. Foxworth, deceased, and as administrator de bonis non of the estate of Catherine A. Foxworth, deceased, was substituted as defendant. It further appears from the record that on November 27, 1933, the substituted plaintiff filed a demurrer to the answer. The demurrer came on for hearing before Hon. E. C. Dennis, the presiding Judge, on December 3, 1934. His Honor, Judge Dennis, first sustained the demurrer, with leave to the defendant to amend his answer, but later, after further argument of counsel, on motion of the plaintiff, and

over objection of the defendant, Judge Dennis made an order, herinafter set forth, sustaining the demurrer, revoking the leave to amend and granting judgment in favor of the plaintiff for the full amount demanded. Judgment was entered for the plaintiff pursuant to said order and in due time the defendant gave notice of intention to appeal to this Court therefrom. The case now comes before this Court on the record and the exceptions hereinafter referred to.

In order to better understand the questions involved in this case, we shall, in our discussion of the same, make reference to what we consider the material allegations and admissions of the parties involved.

The note described under the first cause of action reads as follows:

"$916.67.

"Sarasota, Florida, October 31, 1925.

"On or before one year after date we promise to pay to the order of Annie B. Sawyer the sum of nine hundred sixteen and 67/100 dollars, for value received, with interest from date at eight per cent. per annum to maturity, and if not paid then ten per cent. per annum thereafter until paid, interest payable semi-annually.

"If this note or any part hereof shall be collected by an attorney at law after maturity, I agree to pay all costs and expenses of collection, including a reasonable sum for attorneys fees not less than ten per cent. of the amount due for principal and interest at time of payment or judgment. And all parties hereto, whether maker, endorser, surety or guarantor hereby severally waive presentment for payment, protest for nonpayment, and notice of nonpayment or protest.

"CATHERINE A. FOXWORTH, [Seal]
"W. S. FOXWORTH, [Seal]

"Payable at the American National Bank, Sarasota, Florida."

The note described in the second cause of action is in the same language as the one described in the first cause of action except that the note in the second cause of action is payable two years after the date of execution instead of one year after date of execution, both notes being executed by the said Catherine A. Foxworth and W. S. Foxworth and payable to the order of the said Annie B. Sawyer.

In connection with the note described under the first cause of action, the plaintiff alleges:

"That the interest on the aforesaid note was paid to April 30, 1926, and that on October 12, 1927, there was paid thereon the sum of Four Hundred Thirty-six and 89/100 Dollars ($436.89), but that no other payments have been made thereon; that there is now due and unpaid thereon the sum of Five Hundred and Eighty-six and 11/100 Dollars, with interest from October 12, 1927, at the rate mentioned in the aforesaid note, together with a reasonable fee for plaintiff's attorneys for their services herein, pursuant to the terms of the aforesaid note; that plaintiff is now the lawful owner and holder of the said note."

In connection with the note set out under the second cause of action, the plaintiff makes this allegation:

"That the interest on the aforesaid note was paid to April 30, 1926, but that no other payments have been made thereon, and that there is now due and unpaid thereon the sum of Nine Hundred Sixteen and 67/100 Dollars ($916.67), with interest from April 30, 1926, at the rate mentioned in the said note, together with a reasonable fee for plaintiff's attorneys for their services herein, pursuant to the terms of the aforesaid note; that plaintiff is now the lawful owner and holder of the said note."

The plaintiff contends that the two notes in question were executed and delivered by the parties named above for value received, and in the complaint judgment is demanded for the amount due on the notes in question, together with interest, attorneys' fees, and costs.

In answering the complaint, under both causes of action, the defendant, W. S. Foxworth, in his own right and as administrator of the estate of the said Catherine A. Foxworth, deceased, admitted that the said W. S. Foxworth was the duly qualified and acting administrator of the estate of the said Catherine A. Foxworth, deceased; but denied each and every other allegation of the complaint not stated to be admitted. In this connection it is proper to state that the answer admitted so much of paragraph 2 of both causes of action as alleged that the said codefendant, Catherine A. Foxworth, executed to the plaintiff certain notes and on which notes this defendant, W. S. Foxworth, signed his name. But in this connection this defendant, W. S. Foxworth, alleged that he "signed his name, not as a joint maker, endorser or accommodation endorser but for the reasons hereinafter set forth, but he has no knowledge or information sufficient to form a belief as to whether the said notes are correctly set forth in Paragraph Two of both causes of action in plaintiff's complaint, and he therefore demands strict proof of same."

By way of answer the said defendant makes this additional allegation:

"4. Further answering complaint, and as a defense, this defendant alleges, that sometime during the year 1925, his co-defendant Catherine A. Foxworth, being then on a visit at Sarasota, Florida, was approached by one Herbert Sawyer, as this defendant is informed and believes, who is the son and agent of the plaintiff herein, and representing himself as such agent, desired to sell to defendant's co-defendant Catherine A. Foxworth, certain property belonging to his mother and situated at Sarasota, Florida; such negotiations as were had between the said Catherine A. Foxworth and the agent of plaintiff, Herbert Sawyer, resulted in a trade, by which defendant's co-defendant, Catherine A. Foxworth, as plaintiff is informed and believes, paid one-third cash and executed notes for the balance; that at the time of this

transaction this defendant was at his home in Marion, South Carolina, and had no knowledge of such transaction being had, and that the first knowledge this defendant had was through the agent of plaintiff, who sent him at his home in Marion, two (2) notes with the request that he sign his name with that of his wife, his co-defendant herein, but stated at the time that it was a mere matter of form and was required under the laws of the State of Florida, as his wife was not a free dealer, but that his signature placed thereon carried no liability whatever to this defendant; that the false representation herein made to defendant by the agent or plaintiff was a fraud and was the sole moving cause that induced him to place his name on said notes, and he denies that they were plced as a joint maker, endorser or accommodation endorser or for any consideration inuring to his benefit; but was signed solely upon the representation made to him by the agent or plaintiff.

"5. Further answering the complaint, and as a defense, this defendant alleges, that during the time of the sale of this property and the execution of the notes between plaintiff's agent, Herbert Sawyer, and defendant's co-defendant Catherine A. Foxworth, there was a period of great excitement in the speculation of property in the State of Florida, and that defendant's co-defendant, Catherine A. Foxworth, being a woman and unused to the oily tongue of land sharks as existed at that time in the State of Florida, one of which was the agent of plaintiff herein, who painted such a beautiful picture that would not only appeal to a woman but would, and did appeal to those more familiar with the business world, and this defendant is informed and believes, that the Courts of the State of Florida, realizing this excitement in the speculation of property, has since that time refused to give personal judgment to anyone who was caught during this excitement and that this plaintiff having a mortgage on her property and having her property again in her posses-

sion, is without any remedy in Florida to enforce said contract by way of a personal judgment."

As stated, the substituted plaintiff filed a demurrer to the answer, in the following language:

"To L. M. Gasque, Defendant's Attorney:

"Please take notice, that upon the call of the above stated case the plaintiff will demur to the answer (and move for judgment in favor of the plaintiff for the amount prayed for in the complaint) on the ground that the answer does not state facts sufficient to constitute a defense, in that, the execution of the notes sued on in the complaint is admitted, and while it is also stated in the answer that an alleged false representation made to W. S. Foxworth by the plaintiff's agent was a fraud and was the sole moving cause that induced him to place his name on said notes, the answer does not allege any false representation as to a matter of fact made with knowledge of its falsity and with intent to deceive, or that the person to whom such representation was made believed the same to be true and relied thereon to his injury; the only allegations with reference to any representations being as to matters of law and in contradiction of the terms of the notes, and there being no allegation of scienter."

The demurrer was filed November 27, 1933, and the same was heard before his Honor, Judge E. C. Dennis, December 3, 1934. Judge Dennis first sustained the demurrer, with leave to the defendant to amend the answer, but after further argument of counsel, on motion of the plaintiff, over objection of the defendant, his Honor sustained the demurrer, revoking the leave to amend, and granted judgment in favor of the plaintiff for the full amount demanded. The order thus issued by his Honor, Judge Dennis, sustaining the demurrer, as aforesaid, bears date December 3, 1934, and reads as follows:

"On hearing the demurrer of the plaintiff to the answer of the defendant, and after argument of counsel for the respective parties, it is,

"Ordered, that the same be, and it is, hereby sustained, and that the plaintiff have judgment against the defendant for the sum of Twenty-seven Hundred and Eleven and 14/100 Dollars ($2,711.14), (the amount due on the notes set forth in the complaint, with interest to date), together with a fee of One Hundred Dollars ($100.00) for plaintiffs attorneys for their services herein, which I find to be a reasonable fee, and the costs of this action."

Thereafter, judgment for the plaintiff was duly filed and entered in accordance with said order for the full amount demanded, amounting in the whole to the sum of $2,816.14, and interest from the 3d day of December, 1934.

The appellant's allegations of error imputed to the trial Judge are set forth under eleven exceptions, but in appellant's brief the questions involved in the appeal are stated as follows:

"1. Did the Circuit Judge err in sustaining plaintiff's demurrer to defendant's answer?

"2. If the demurrer was properly sustained, did the Circuit Judge err in subsequently revoking the leave to amend the answer, granted when he sustained the demurrer, and thereupon summarily giving judgment in favor of the plaintiff for the full amount claimed with interest and attorney's fees?"

For the reasons and upon the grounds set forth in the demurrer, quoted above, in our opinion, the Circuit Judge properly sustained the demurrer to the defendant's answer. The respondent concedes that the defendant sought to rely on the defense of fraud, but it is the contention of the respondent that the allegations contained in the defendant's answer, and relied on by appellant, do not conform to the rules required. In this connection attention is called to the opinion of this Court, written by Mr. Justice Bonham, in the recent case of *Halsey v. Minnesota-South Carolina Land & Timber Company*, 174 S. C., 97, 177 S. E., 29, 37, 100 A. L. R., 1, and the authorities therein

cited, in which case the following holding of the Court is quoted with approval:

"To constitute actionable fraud, it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, *or made it recklessly, without any knowledge of its truth and as a positive assertion;* (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. [Italics added.]"

As strongly supporting the ruling of the Circuit Judge in sustaining the demurrer and granting judgment against the defendant, attention is called to the case of *Royster Guano Company v. Yeargin,* 123 S. C., 501, 117 S. E., 199, and cases cited therein. In that case the codefendant involved who signed the note, although he could not read, was held liable because he did not request the instrument to be read. In the case at bar no claim is made that the defendant involved could not read and write, and no claim is made that he could not understand the wording of the instrument. He seeks, however, to be relieved of the obligation on the ground, according to his contention, that the agent of the party to whom the note was executed, told him he could not be held liable under the Florida law; that the signing of the instrument was a mere matter of form and did not place him under any obligation to pay the note or notes in question. This, in substance, is the defense set up under the answer. In this connection we call attention to the fact that the notes in question are under seal, and to permit the defendant to escape liability under the facts alleged by the defendant and under the contentions made would be contrary to the rules of pleading and, in effect, destroy the value of promissory note. Further, in our opinion, the defendant's contention regarding the law of Florida does not permit him to escape liability. In view of appellant's position, it is, perhaps, well to quote in this connection the

remarks of the Circuit Judge following his ruling on the demurrer, and giving judgment in connection therewith. According to the record his Honor, Judge Dennis, made this statement at the time referred to:

"This matter comes up first on a demurrer, and I stated that I would sustain the demurrer, but allow the defendant to allege in his answer, by way of amendment what was necessary under the demurrer. After making this statement counsel representing the plaintiff called my attention to the case of *F. S. Royster Guano Company v. Yeargin,* 123 S. C., 501 [117 S. E., 199], and took the position, that, even if the plaintiff made the representation to Mr. Foxworth, that he would not be held liable on the note, that this was no defense. Counsel representing the defendant then called my attention to that part of the answer which alleged a statement by the plaintiff's agent as to the law of Florida, but the case being ready for trial and called for trial, I asked counsel for the defendant if he were prepared to show me the law of Florida or to prove it properly, and he admitted that he did not have any proof to show that the statement which he alleges was made about the law of Florida was untrue.

"It seemed to me that there was no question of fact to submit to the jurors but questions of law for the Court. I have concluded that the case of *Royster Guano Co. v. Yeargin,* above referred to is controlling in this case, and that the plaintiff should have judgment as prayed for in the complaint, and it is so ordered."

As stated above, the action was commenced November 13, 1930, and the defendant had had from that time until December 3, 1934, about four years, to prepare the defense and find the law applicable to the case. Notwithstanding this fact, it appears from statement, which we have quoted from the record, when the Circuit Judge asked counsel for the defendant if he were prepared to show to the Court the law of Florida or to prove it properly he admitted that he did not have any proof to establish

his contention. We, therefore, think that the defendant has no ground to complain because the Judge refused to wait any longer on the defendant to get up the law and facts in connection with the case, and committed no error in awarding judgment for the plaintiff against the defendant, and refusing to continue the trial of the case. The trial Judge evidently, and we think properly, assumed that the common law of force in this State on the question involved was of force in the State of Florida. As contended by the respondent, if the appellant had followed the rule declared in Section 716, Code of 1932 of this State, he could have easily shown to the Court on the trial in question the holding of the Courts of Florida on the question involved, but so far as the record in the case at bar discloses, no effort was made along this line, and we, therefore, think that it was proper for the trial Judge to assume that the rule of force in this State is also of force in the State of Florida on the question involved. We may further add that we have not been pointed to any statute or Court decision, in the State of Florida, relieving the husband from liability where he has signed a note of his wife. The case of *Harwood v. Root,* 20 Fla., 940, seems to hold to the contrary. For the reasons which we have recited, in our opinion the trial Judge committed no error in revoking the leave to amend the answer, and, under the facts and admissions appearing in the record, the trial Judge properly gave judgment in favor of the plaintiff for the amount claimed.

We agree with the contention of the respondent that the answer of the defendant states no defense as to the matter of personal judgment under the laws of Florida. So far as we have been able to ascertain from the record, this point was not raised in the Circuit Court, and the question is not properly before this Court. We may add, however, that we have not been pointed to any statute in the State of Florida or decision under the Courts of Florida that prohibit the holder of a mortgage from suing at com-

mon law to recover his debt, and we agree with the respondent that it was not incumbent upon Mrs. Sawyer to institute a suit for the foreclosure of the mortgage referred to, and she had the right to disregard the mortgage and institute a suit at law on the notes in question. In this connection, attention is called to the following cases, cited by the respondent: *Sparks Enterprises v. Christman,* 95 Fla., 928, 117 So., 388, and *Gober v. Braddock,* 100 Fla., 1406, 131 So., 407. We further call attention, at this time, to the admission of counsel for the defendant, when the demurrer was being argued, that he was not prepared to prove the law governing the questions involved. In connection with the contention of the respondent, that Mrs. Sawyer was under no duty to bring a suit for the foreclosure of the purchase-money mortgage, we call attention to the case of *Fidelity-Bankers' Trust Company v. Little,* 178 S. C., 133, 181 S. E., 913, which sustains respondent's position.

As to appellant's position that there was lack of consideration for the notes involved, it appears from a reading of the answer that this question, or defense, in the circumstances detailed, was not properly pleaded, nor was any point made with reference thereto in the Court below. It is true that in certain cases the signature of a new maker to a note may be without consideration as to him, although the comaker received a consideration, but this can only apply to a case where the transaction "has been fully executed and delivered" (3 R. C. L., 928), but there is no such allegation in the answer in this case.

At this time we call attention to appellant's exception 10, reading as follows:

"The Court erred in giving judgment against the signers of the notes involved, or either of them, for the principal sums, with interest according to the terms of the notes, and attorneys' fees, in the absence of any proof that interest at the rate of ten per cent per annum is permitted under the laws of the State of Florida, where the contracts were to

be performed, the error being that the notes stipulate for interest at the rate of ten per cent per annum after maturity, thereby rendering them usurious under the laws of the State of South Carolina, by which the rights of the parties must be determined, in the absence of proof of any different law in the State of Florida."

Under our view of the record in the case, this exception cannot be sustained. In this connection, we call attention to the fact that the complaint served in the case sets forth complete copies of the notes involved, and in the prayer of the complaint interest at the rate named in the notes is asked for. While the answer filed in the cause is quite lengthly, the same sets up no defense on account of alleged usury. The defendant having failed to make any mention of the alleged usury in the answer, it is too late, after the long period of time that has passed, to make the point now, especially without citing any statute or law of the State of Florida showing that the interest stipulated in the notes is not permitted under the laws of Florida.

In passing upon the appeal involved in this case, we have not undertaken to discuss the several exceptions in detail or at length, but have kept in mind the questions involved as stated by appellant, which we quoted at the outset, and have endeavored to ascertain whether or not the Circuit Judge reached the proper conclusion in sustaining the demurrer and in awarding judgment, as stated. Although many questions arise in the case, we are satisfied that the presiding Judge reached the right conclusion in the case.

The exceptions are, therefore, overruled and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.