15933

OELAND *ET AL.* v. KIMBRELL'S FURNITURE CO., INC.

(42 S. E. (2d) 228)

*Mr. James B. Murphy and Messrs. Robinson & Robinson,* all of Columbia, for Appellant, cite:

*Messrs. Holcombe & Bomar,* of Spartanburg, for Respondents, cite:

April 4, 1947.

TAYLOR, A. J.: This case comes to this Court by way of appeal from the Court of Common Pleas of Spartanburg County upon the following agreed statement of facts:

This action was commenced pursuant to the provisions of Section 668, Code of Laws of South Carolina, 1942, upon the filing in the Court of Common Pleas for Spartanburg County of a "Stipulation of Facts," accompanied by affidavits by the parties hereto that the controversy in question was real and the proceedings brought in good faith for the purpose of determining the rights of the respective parties.

The matter came on for hearing before the Honorable T. S. Sease, Resident Judge, who heard the matter upon the "Stipulation of Facts" with attached exhibits. At the time of the hearing, counsel for plaintiffs waived their claim that the present occupancy of the premises here involved by defendant was under a month-to-month tenancy and proceeded upon the sole contention that defendant is now occupying the premises as a tenant from year to year and must surrender possession on December 31, 1946.

Judge Sease on November 11, 1946, filed his decree holding that there was no contract between the parties for a lease of the premises; that James M. Oeland had no authority to bind his co-owners to the purported contract; and that the defendant, being a tenant from year to year, must surrender possession of the premises on December 31, 1946. It is from this decree that the defendants now appeal to this Court, contending (1) that the correspondence between J. M. Oeland and Kimbrell's effected a binding contract to lease the store building (Exceptions 1, 2, 3.); (2) that J. M. Oeland had authority to lease the store building (Exception 4); (3) that such contract was binding upon the undivided interest of J. M. Oeland, irrespective of its binding effect upon the interest of the other plaintiffs (Exception 5); (4) that upon the concession by plaintiffs that defendant was entitled to possession until December 31, 1946, the Circuit Court could not in November, 1946, adjudicate the eventual conflicting possessory claims of the parties (Exception 6).

It is a well-founded rule of law that a contract for sale or lease of real estate may be consummated by letters without the execution of a formal instrument and the fact that it is understood that the contract is to be reduced to a formal instrument does not invalidate such agreement unless there be a positive agreement that it shall not be binding until formally executed. *Neufville v. Stuart*, 1 Hills Eq. 159; *Holliday v. Pegram*, 89 S. C. 73, 71 S. E. 367; *Gladden v. Keistler*, 141 S. C. 524, 140 S. E. 161; *Holly Hill Lumber Co. v. Federal Land Bank*, 160 S. C. 431, 158 S. E. 831; *McLaurin v. Hamer*, 165 S. C. 411, 164 S. E. 2. See also Annotations, 122 A. L. R. 1217, 165 A. L. R. 756; 12 Am. Jur. 522, Sec. 25.

"The foregoing rule presupposes that the parties have arrived at a definite understanding as to the terms of the contract, the question being merely as to the effect of the fact that it is contemplated by them that the same shall be reduced to writing or to a more formal instrument." 122 A. L. R. 1217, page 1251.

The primary question therefore is whether or not there was a meeting of the minds on the essential terms of the proposed new lease.

There was considerable correspondence between the defendant and J. M. Oeland, one of the plaintiffs, all concerning the proposed lease of the premises in question; but a reference to the last two letters transmitted between the parties during the negotiations, which are herein reproduced in conjunction with the proposed lease submitted, is sufficient to show that the parties were at variance upon material terms of the proposed lease.

"Lockhart, S. C.
March 16, 1946

Mr. C. E. deKrafft, Secy. & Treas.
Kimbrell's, Inc.
Charlotte, N. C.

Dear Sir:

I would not like to enter a contract for the rent of the building in Spartanburg on a five-year contract. I would sign one for two years with an option for a new contract with the amount of rent to be decided at that time. The two-year contract to carry a rental of $200.00 per month and similar to our last contract.

Will you draw up the lease and send to me if the terms are agreeable?

Yours truly,

J. M. OELAND."

On March 18th the defendant wrote plaintiff as follows:

"March 18, 1946

Mr. J. M. Oeland
Lockhart, S. C.

Dear Mr. Oeland:

We have your letter with reference to the lease on the building in Spartanburg and I have written up this lease for the two-years period, which you said you yould be willing to sign up for, also showing option for an additional two years at a rent to be agreed upon.

You will notice that I have written this lease showing you as the owner of the building. I am not positive whether this is correct or not as I thought at one time you were handling this for an estate. If this is the case you can make the change on the heading of the lease to cover ownership. Not knowing exactly how this should be done we have not signed the lease ourselves but after you go through it and it is in

order, if you will sign both copies and return to us we in turn will sign for the corporation and return your copy.

> Yours very truly,
>
> KIMBRELL'S, INCORPORATED
>
> C. E. deKrafft,
> *Secretary-Treasurer.*

CEdK/Mc
Enc."

The plaintiffs refused to execute the proposed lease enclosed in the defendant's letter, and since the letter to Mr. Oeland to appellant was to the effect that without the stated differences the new lease was to be similar to the previous one, made in 1941, it is necessary that we compare the two leases to see in what respect they differ, if any.

The 1941 lease carried an option to renew for one year, while the proposed lease carried an option to renew for two years. The 1941 lease provided that the lessor was to keep roof in repair and to make other structural repairs. The purported new lease was to keep roof and *exterior* in good repair. The 1941 lease provided nothing in respect to the elevator, while the purported lease was to the effect that the lessor was to make repairs on the elevator necessitated by ordinary wear and tear. The 1941 lease provided that the lessee was to make no structural repairs without lessor's written consent, permanent ones to become lessor's property. The proposed lease was silent  on this subject. The 1941 lease gave lessor the right to enter for inspection, but the proposed lease was silent on this question. The 1941 lease provided that in case of total destruction by fire, the lease was automatically terminated. The proposed lease was to the effect that in case of loss by fire, flood or tornado or other casualty—to be governed by statute. The 1941 lease provided that in case of partial destruction by fire, lessor has *right* to repair if it could be done within sixty days. The lease submitted by appellant was to

the effect that in case of damage from *any* cause, lessor would be *required* to restore within sixty days or period required by diligent and approved construction. It is contended by appellant that Mr. Oeland's letter was an offer to make a lease on terms similar to the lease contract, and that their draft of the proposed lease met this requirement; that they had therefore accepted the offer and it was binding on all parties. But as shown above, the appellant, instead of accepting, proposed a lease materially at variance with these terms; thus it was a counter-offer and in effect a rejection of plaintiff's offer. No contract therefore resulted, as material terms of the contract cannot be left for future settlement.

When the matter came on for hearing, the respondents abandoned their contention that appellant was a tenant from month to month and relied upon their other two contentions, *i. e.*:

(1) That at most appellant is a tenant from year to year.

(2) That respondents were entitled to immediate possession or at least on December 31st, 1946.

The appellants now for the first time take the position that there was no justiciable controversy before the Court in that it was conceded that appellants were entitled to possession through December 31st, 1946, which date had not yet been reached.

This question was in no way raised at the time of the hearing and will not now be considered for the first time by this Court. See *Sumter Building and Loan Association v. Winn,* 45 S. C. 381, 23 S. E. 29; *Carter & Company v. Kauffman,* 67 S. C. 456, 45 S. E. 1017; *Harper v. American Railway Express,* 139 S. C. 545, 138 S. E. 354; *Ex parte McLeod,* 140 S. C. 1, 138 S. E. 355; *Hall v. Equitable Life Assur. Soc. of U. S.,* 177 S. C. 148, 181 S. E. 33; *Trotter v. Merchants & Farmers Bank,* 180 S. C. 449, 186 S. E. 371; *Alexander v. Martin,* 182 S. C. 399, 189 S. E. 468; *Owens v. Owens,* 193 S. C. 260, 8 S. E. (2d) 339; *Thornton v. A. C. L. Ry.*

*Co.,* 196 S. C. 316, 13 S. E. (2d) 442; *Hiers v. S. C. Power Co.,* 198 S. C. 280, 17 S. E. (2d) 698; *Epworth Orphanage v. Long,* 207 S. C. 384, 36 S. E. (2d) 37; *Croft v. Hall,* 208 S. C. 187, 37 S. E. (2d) 537.

This Court is of the opinion that all exceptions should be overruled and the judgment appealed from affirmed, and it is so ordered.

Judgment affirmed.

BAKER, C. J., FISHBURNE, STUKES and OXNER, JJ., concur.