Sanford KAY and Rebecca Kay and Sam Kay, Appellants,

v.

Thomas ANDERSON and Martha Anderson, his wife, Appellees.

No. 21614.

United States Court of Appeals Fifth Circuit.

May 7, 1965.

Rehearing Denied June 9, 1965.

Herbert L. Kaplan, Orr, Treister & Kaplan, Miami, Fla., for appellants.

Alex E. Carlson, Miami Springs, Fla., for appellees.

Before TUTTLE, Chief Judge, and PHILLIPS * and WISDOM, Circuit Judges.

PER CURIAM:

The Andersons brought this action against Sanford Kay, Rebecca Kay and Sam Kay to recover on a promissory note. Sanford and Rebecca Kay were the makers of the note and Sam Kay the payee therein. After the maturity of the note, Sam Kay endorsed and delivered it to Frances Dolmage. Thereafter, Dolmage endorsed and delivered the note to the Andersons. Thereafter, each of the Kays entered into a modification agreement in which Sam Kay acknowledged that he endorsed the note without qualification and by which he guaranteed its full and complete payment in the event of default by the makers thereof. The note was secured by a second mortgage on certain real estate in Dade County, Florida. A first mortgage and a third mortgage on the same real estate secured other indebtedness. After discovery proceedings had been completed and depositions taken, the Andersons filed a motion for summary judgment. The trial court granted the motion for summary judgment and also denied a motion of Sam Kay to file an amended answer.

It is clear from an examination of the record that after the discovery proceedings had been completed and depositions had been taken, no genuine issue of fact remained and the trial court properly granted the motion for summary judgment.

The denial of Sam Kay's motion to amend his answer was not prejudicial.

* Senior Judge of the Tenth Circuit sitting by designation.

It undertook to set up as an affirmative defense that in a proceeding in a Florida state court in which the third mortgagee obtained a foreclosure of that mortgage, the third mortgagee was denied a deficiency judgment on the ground that there was an equity in the property over and above all the mortgage encumbrances and that the Andersons were in privity with the third mortgagee. The Andersons were not parties to that proceeding and it is clear that there was no privity between them and the third mortgagee. We are of the opinion that the tendered amended answer stated no defense and that Sam Kay was not prejudiced by the denial of leave to file the same.

■ It is well settled under the law of Florida that a holder of a note secured by a mortgage may bring an action on the note without seeking foreclosure of the mortgage, even over the debtor's insistence that he first look to such security. E. J. Sparks Enterprises, Inc. v. Christman, 95 Fla. 928, 931, 117 So. 388.

Affirmed.