MANN, Judge.
The day before he married his second wife, Elva, Stanley Minshall bought a house in his name individually, and assumed the mortgage on it. After the marriage he deeded the property to himself and her as tenants by the entirety, subject to encumbrances of record. After his death the mortgage was sold to Ursula Cooper, who filed a claim against the estate, refusing to enforce the lien.
Minshall’s daughter objected to the claim and this action ensued on the note. The file shows no activity for some eight months, but then the defendant administrator moved for leave to file a third-party complaint against the widow so that the entire matter might be resolved in the single action. The trial judge to whom this case was originally assigned denied this motion.
Ultimately judgment was entered in favor of the assignee of the mortgage and this appeal was taken. The parties argue questions which we think unripe for decision. The question is whether the court improperly denied the proposed third-party action.
The appellee relies on E. J. Sparks Enterprises, Inc. v. Christman, 1928, 95 Fla. 928, 117 So. 388, as giving to the holder of a note an absolute right to neglect the security and sue on the note. The court there held that the plaintiff was not obligated to foreclose but might sue on the first of a series of notes, preserving his rights to enforce subsequently maturing notes either by foreclosure or action on the note. Defendant’s argument that the plaintiff must be compelled to foreclose to avoid a “multiplicity” of suits was rejected, and properly. But there the only parties affected were the plaintiff and defendant. Thus it was not a multiplicity of then existing disputes that the defendant sought to avoid, but a succession of actions which would result in judgment for part of the debt without release of the security for the unmatured and unaccelerated notes. Of course under those circumstances the right to proceed on the *699 matured note without accelerating the others was clear.
The question here is different. The ap-pellee suggests that the assignee has an absolute right to sue the estate, and this may be so. But in cases of this sort, involving the rights of a widow on the one hand and the children of a former marriage on the other, an outsider, the mortgagee or his assignee, might affect the rights of the parties by an election to sue the estate rather than to foreclose. This is an oblique way of raising the question of the widow’s right to exoneration, and when that question is settled it is reasonable to require her to be a party. See 3 Moore, Federal Practice, c. 14.
We hold simply that the third-party complaint should have been allowed. Although the better practice would be to file such a complaint within twenty days after service of its answer, in which case Fla.R.Civ.P. 1.-180 permits its filing without leave of court, nothing had transpired to prejudice the rights of any party. The rights of the administrator and widow ought to be settled without being substantially affected by the mortgagee’s choice of action and the trial judge’s denial, which under other circumstances might be unexceptionable, of the right to implead the widow.
We leave unanswered the question of the widow’s right to exoneration on the precise facts of this case, as it was left unanswered by Lopez v. Lopez, Fla.1956, 90 So.2d 456, a case in which the wife assumed the obligation of the note.
Reversed and remanded wtih directions to vacate the final judgment, allow the third-party complaint or, in the alternative, consolidate the action which appellee informs us was begun after the entry of the order herein reversed.
HOBSON, C. J., and PIERCE, J., concur.